J-A12023-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLARENCE CRESPO, | : | |
| | : | |
| Appellant | : | No. 1140 MDA 2014 |

Appeal from the Judgment of Sentence February 7, 2014,
Court of Common Pleas, York County,
Criminal Division at No. CP-67-CR-0003790-2012

BEFORE:  BOWES, DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED JUNE 10, 2015**

Clarence Crespo ("Crespo") appeals from the February 7, 2014 judgement of sentence entered by the York County Court of Common Pleas following his convictions by a jury of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, indecent assault of a child under thirteen, and corruption of minors.[1]  The convictions stemmed from Crespo's repeated sexual assaults of his stepdaughter, S.G., from October 1, 2005 through November 30, 2009, from the time S.G. was three years of age until she was seven.[2]  The trial court

---

[1]  18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3126(a)(7), 6301(a)(1).

[2]  The specific details of the crimes underlying this appeal are not relevant to our disposition of the issues raised and are therefore omitted from this Memorandum decision.

found that Crespo was a sexually violent predator[3] and sentenced him to an aggregate term of thirty-two years and six months to sixty-five years and eight months of incarceration. On appeal, Crespo challenges the trial court's handling of an instance of potential juror misconduct; raises a violation of his confrontation rights; and contends that the trial court abused its discretion at sentencing. Upon review, we conclude that none of the issues raised merit relief. Nonetheless, because Crespo's sentence is illegal, we are compelled to vacate his judgment of sentence and remand for resentencing.

We begin with the first issue raised on appeal. The record reflects that following the Commonwealth's direct examination of S.G.'s mother, Jay Whittle, Esquire ("Attorney Whittle"), counsel for Crespo, informed the trial court that he observed a juror passing a note to another juror. The following exchange occurred at sidebar:

> ATTORNEY WHITTLE: I just wanted to bring this to your attention. I happened to glance over and notice that some of the members of the jury are passing notes to each other.
>
> THE COURT: Oh, I didn't notice that.
>
> ATTORNEY WHITTLE: The blond lady in the back row. I specifically caught her passing a note to the gentleman in front of her in the first row.
>
> THE COURT: Okay.
>
> ATTORNEY WHITTLE: Could be harmless, but it concerns me.

---

[3] 42 Pa.C.S.A. § 9979.12.

THE COURT: Let me ask you a question. I mean I'm not sure there is anything wrong with that. That's sort of like saying I saw the lady in red whisper something to the lady in white.

ATTORNEY WHITTLE: I'm just saying they are not suppose[d] to be discussing the case, and I don't know if they are.

THE COURT: I agree.

ATTORNEY WHITTLE: But I think it needs to be addressed carefully. I don't want to be a tattle tail [sic].

THE COURT: What do you suggest? Do you want me to ask them about it? Do you want me to ask her about this?

ATTORNEY WHITTLE: Would the [c]ourt do that in a non-discriminatory manner as to point me out as noticing that because I just --

THE COURT: Well, the only thing I can tell you is I mean I have already instructed them not to discuss the case with other jurors. I certainly haven't instructed them not to have any communication or contact with other jurors but just not to discuss the case. I don't know why -- I just don't know what to tell you about this, Mr. Whittle. Again[,] my example is if I saw one juror whisper to another, what does that say to me? That doesn't really say anything to me. We presume they followed the [c]ourt's instructions.

ATTORNEY WHITTLE: It was a handwritten note I assume.

THE COURT: But what is the difference. That is just a different form of communication. I mean I am not trying to give you a hard time here, but I don't know what you want me to do.

ATTORNEY WHITTLE: Again[,] that's my obligation.

THE COURT: Sure.

ATTORNEY WHITTLE: To inform you.

THE COURT: Tell me what you want me to do about it.

ATTORNEY WHITTLE: I would I guess suggest before we break for lunch we go over that again, including sharing any written materials.

THE COURT: Well, I don't think there is any prohibition against jurors writing notes to each other as long as they don't have anything to do with the case.

ATTORNEY WHITTLE: We can leave it at that as long as they have nothing to do with the case.

THE COURT: I will be glad to remind then again if you like me to. If there is anything else you want me to do about this, you let me know. I just don't know what else to say to you. You know, if you want me to, I could ask the jurors involved what was going on. If you want me to do that, I will do that. You tell me.

ATTORNEY WHITTLE: I'm curious about if --

THE COURT: So am I, but it is sort of I am in the sense that if I see two of the jurors walking down to market to grab a bite to eat, they are communicating with each other, I would not jump to the conclusion that they are -- their communication is inappropriate because I have instructed them not to talk about the case, and I am presuming they are going to follow that instruction. Now, if one of them comes up to me and says, ["]hey, Juror 15 started to talk to me about this case and I asked them to stop and he sort of, you know, wouldn't stop so I had to walk

away,["] there's a different story. Okay. Now, I have somebody telling me they are trying to talk about the case but simply evidence or the observation that two jurors are communicating with each other I don't think raises any red flag, but I'm willing to do what you want to do, and if you want me to query these two jurors about that, I will do that if you would like me to.

ATTORNEY WHITTLE: I think what I would ask is prior to the next break to inform the jury that if any member of the jury has discussed this matter as it relates to the evidence that they are hearing today, that they can inform the tipstaff.

THE COURT: Okay. I will do that.

ATTORNEY WHITTLE: Then if one of those jurors says, ["]you know what, I did.["]

THE COURT: Okay. I will do that. I don't have a problem doing that. Yeah, I don't have a problem if you want me to do that. I will do that.

ATTORNEY WHITTLE: I think that that's appropriate.

THE COURT: Okay. That's what we will do. Anything else to say about this?

[THE COMMONWEALTH]: No, Your Honor.

THE COURT: If I would happen -- if you think I forgotten to do that, remind me, but I don't think I will forget to do that. Okay.

ATTORNEY WHITTLE: Okay.

N.T., 10/1/13, at 236-40. At the next break at the conclusion of S.G.'s mother's testimony, the trial court again instructed the members of the jury that they were not permitted to talk about the case prior to deliberations,

and that if a juror believed that someone was trying to discuss the case, "or pass[] information" about the case, to report that behavior to the tipstaff. *Id.* at 280.

On appeal, Crespo asserts that "it was prejudicial error" for the trial court not to investigate the jurors involved in the alleged note passing. Crespo's Brief at 22. Crespo suggests that in the absence of a request by any party to do so, the trial court had a duty, on its own initiative, to question the jurors involved to determine whether the note passed contained any information about the case. *Id.* at 18, 25, 26-27. Crespo states that the trial court "bullie[d]" Attorney Whittle into telling the court what it should do about the situation, which was error. *Id.* at 25. Crespo further states that although he had no obligation to do so, Attorney Whittle did request that the trial court investigate the matter, but that the trial court ignored him, once again claiming that the trial court "bull[ied]" Attorney Whittle "to avoid [conducting] an investigation." *Id.* at 21-22; Crespo's Reply Brief at 1-2, 4.

At the outset, we disagree with Crespo that the trial court was required to investigate this alleged misconduct sua sponte. Our review of the cases he cites reveals that prior to the trial court undertaking an investigation of alleged juror misconduct, the defendants in those cases made a request for the trial court to investigate the allegations. *See, e.g., Commonwealth v. Messersmith*, 860 A.2d 1078, 1085 (Pa. Super. 2004)

(indicating that the trial court reviewed the notes the juror took into the deliberation room based upon the defendant and his co-defendant requesting, in a post-trial motion, an evidentiary hearing on the matter); *Commonwealth v. Posavek*, 420 A.2d 532, 534 (Pa. Super. 1980) (stating that the defendant filed a motion for a new trial based on after discovered evidence, alleging that a juror violated the duty to refrain from discussing the case with others).

Nor do we find support in the record for Crespo's contention that the trial court ignored his request that the court investigate the matter further or bullied him to avoid conducting an investigation. Rather, the record reflects that upon observing a juror pass a note to another juror, Attorney Whittle informed the trial court, following which a discussion ensued between the trial court and Attorney Whittle regarding how to best address the situation. Although both Attorney Whittle and the trial court were "curious" about what was in the note, Attorney Whittle was concerned about being perceived by the jurors as a "tattletale," and presumably prejudicing his client in the eyes of the jury. The trial court offered several times throughout the conversation to take whatever action Attorney Whittle deemed appropriate. Although Attorney Whittle initially asked the trial court if it could question the juror "in a non-discriminatory manner" so as not to identify Attorney Whittle as the person who informed the court, he subsequently abandoned that request, instead indicating that he thought the "appropriate" course of

action was for the trial court to remind the jurors that they are not permitted to discuss the case with each other, including a prohibition against sharing written materials about the case. The trial court instructed the jurors, as requested by Attorney Whittle, at the next break.

Our Supreme Court has held that agreement to an issue that the party previously objected to is "in legal effect a deliberate withdrawal of his earlier objection," and cannot subsequently be argued on appeal before this Court. **Commonwealth v. LaCourt**, 292 A.2d 377, 379 (Pa. 1972). Furthermore, "[i]t is well established that trial judges must be given an opportunity to correct errors at the time they are made. A party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." **Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa. Super. 2008) (internal citations and quotation marks omitted). In circumstances where a defendant raised an objection before the trial court, but failed to request a particular remedy (e.g., a mistrial), the remedy not requested is waived on appeal. **Id.**

The trial court provided Crespo the opportunity to request that it further investigate the contents of the note passed between jurors. Crespo failed to do so. He therefore cannot complain on appeal that the trial court erred in this respect. **See LaCourt**, 292 A.2d at 379; **Strunk**, 953 A.2d at 579.

Crespo's second issue on appeal is based upon S.G. allegedly shielding her face during her testimony at trial. The record reflects that prior to her testimony, the trial court and counsel examined S.G. to determine if she was competent to testify. *See* N.T., 9/30/13, at 116-25. At the conclusion of the competency examination, the trial court found her competent to testify. *Id.* at 125. Before calling the jury back in, Attorney Whittle asked to approach, at which time he raised a concern about S.G.'s "body language." *Id.* The trial court stated, for the record, that S.G. was "holding her left hand up to the side of her face clearly to block her vision of either her looking at [Crespo] or, frankly, her seeing him look at her[.]" *Id.* at 126. Attorney Whittle stated that it was an "obvious attempt" by S.G. not to look at Crespo, "which could be prejudicial." *Id.* at 127. Attorney Whittle further stated that he was concerned he would have difficulty cross-examining S.G., but agreed with the trial court's suggestion that he could stand "an appropriate distance" from S.G. while questioning her, stating he would only do so if he found it was "necessary." *Id.* at 128. The trial court stated that it did not believe there was anything it could do about it, and Attorney Whittle made no further argument on this issue. *Id.* at 126.

On appeal, Crespo asserts that the trial court erred by permitting S.G. to testify with her hand shielding her face as it violated Crespo's right to confrontation. Crespo's Brief at 28. Initially, we observe that there is nothing in the record to indicate that S.G. continued to shield her face from

Crespo during her testimony before the jury after the completion of the competency examination. Nonetheless, assuming for the sake of this argument that S.G. continued to shield her face, Crespo is not entitled to relief. As Crespo recognizes, he did not object to S.G.'s "body language" on confrontation grounds. *Id.* at 29-30. The law is clear: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This applies with equal force to legal theories not raised below in support of an objection. ***Commonwealth v. Murray***, 83 A.3d 137, 159 (Pa. 2013); ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super. 2015).[4] This issue is also waived because Crespo failed to raise it in his concise statement of errors complained of on appeal, referring, as he did at trial, only to S.G.'s "prejudicial body language," and not a violation of his right to confrontation. ***See*** Pa.R.A.P. 1925(b)(4)(vii)

---

[4] In an effort to avoid a finding of waiver, Crespo cites to ***Commonwealth v. Widmer***, 689 A.2d 211 (Pa. 1997). Crespo's Brief at 29-30. In ***Widmer***, the Pennsylvania Supreme Court held that the defendant's failure to file a post-sentence motion challenging the weight of the evidence to support his conviction did not result in waiver of his weight of the evidence claim on appeal because the trial court addressed the issue in its 1925(a) opinion. ***Widmer***, 689 A.2d at 212. At the time ***Widmer*** was decided, all post-sentence motions were optional, as the case predated Rule of Criminal Procedure 607, requiring the preservation of a weight of the evidence claim in a post-sentence motion. ***See id.*** Here, there is no ambiguity regarding the requirement that the specific arguments made on appeal must have first been raised before the trial court. As such, we find the reasoning of the ***Widmer*** case inapplicable. Moreover, as stated above, the issue is also waived based upon his failure to include it in his 1925(b) statement.

("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

Crespo further suggests that "the trial court's decision to permit S[.]G[.] to testify with her hand as a barrier was an abuse of discretion … because it did not allow Crespo to observe the demeanor and body language of the victim, thus depriving him of the opportunity to aid counsel in effectively cross-examining her." Crespo's Brief at 35. Once again, this argument was not raised before the trial court or in his 1925(b) statement and is therefore waived. Pa.R.A.P. 302(a), 1925(b)(4)(vii); **Murray**, 83 A.3d at 159; **Tejada**, 107 A.3d at 797.

As his final issue on appeal, Crespo he asserts that the trial court abused its discretion at sentencing by failing to state on the record the reasons for the imposition of the sentence in violation of the statutory requirement that it do so. Crespo's Brief at 37. This is a challenge to the discretionary aspects of his sentence. **Commonwealth v. Cappellini**, 690 A.2d 1220, 1227-28 (Pa. Super. 1997). Although not appealable as a matter of right, we observe that Crespo has satisfied the four-part test, permitting our review of the argument raised. **See Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (stating that the four-part test for review of a discretionary sentencing issue is (1) preservation of the issue before the trial court; (2) timely notice of appeal; (3) compliance with Pa.R.A.P. 2119(f); and (4) raising a substantial question for this Court's

review), *appeal denied,* 86 A.3d 231 (Pa. 2014); **see also Cappellini**, 690 A.2d at 1228 (stating that an allegation that the trial court failed to state sufficient reasons on the record for the imposition of the sentence raises a substantial question for our review).

Crespo is correct that section 9721(b) of the Sentencing Act requires, in relevant part: "In every case in which the court imposes a sentence for a felony or misdemeanor … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b); Crespo's Brief at 37. "Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant." 42 Pa.C.S.A. § 9721(b). However, "[t]he sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." **Commonwealth v. Fowler**, 893 A.2d 758, 767 (Pa. Super. 2006) (citation omitted).

When imposing the sentence in the case at bar, the trial court stated, inter alia, "[t]he [c]ourt has received and read and reviewed the presentence investigation report prepared by York County Probation Department." N.T., 2/7/14, at 9. As the trial court fulfilled the relevant requirement of section 9721(b), no relief is due on this issue. **See Fowler**, 893 A.2d at 767.

Although none of the issues raised on appeal warrant the grant of relief, because Crespo is serving an illegal sentence, we must vacate the judgment of sentence and remand for resentencing. **See Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (en banc) ("Legality of sentence questions are not waivable and may be raised sua sponte by this Court."), *appeal denied*, 95 A.3d 277 (Pa. 2014); **Commonwealth v. Thompson**, 106 A.3d 742, 759 (Pa. Super. 2014) ("An illegal sentence must be vacated."). As stated above, the record reflects that the trial court sentenced Crespo to a total term of thirty-two years and six months to sixty-five years and eight months of incarceration. N.T., 2/7/14, at 11. Crespo's sentence included three mandatory minimum sentences of ten to twenty years of imprisonment pursuant to section 9718 of the sentencing code for his convictions of rape of a child, involuntary deviate sexual intercourse with a child and aggravated indecent assault of a child.[5] **Id.** at 10.

---

[5] Section 9718 states, in relevant part: 3121(c), 3123(b), 3125(b)

> **(a) Mandatory sentence.--**
> (1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:
> *** 
> 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)--not less than ten years.
>
> ***

On December 24, 2014, this Court in **Commonwealth v. Wolf**, 106 A.3d 800, 805 (Pa. Super. 2014), found section 9718 unconstitutional based upon the United States Supreme Court's decision in **Alleyne v. U.S.**, __ U.S. __, 133 S.Ct. 2151 (2013), which held: "[F]acts that increase mandatory minimum sentences must be submitted to the jury." **Id.** at 2163. Although the only "fact" necessary for the application of the mandatory minimum sentence in section 9718 was proof of the victim's age, and, as in the case at bar, the Commonwealth proved the victim's age at trial as an element of the offense, we nonetheless concluded in **Wolfe** that the mandatory sentences

---

(3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S. § 3121(c) and (d)--not less than ten years.

*** 

18 Pa.C.S. § 3125(b)--not less than ten years.

*** 

**(c) Proof at sentencing.--**The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9718(a)(1), (3), (c)

- 14 -

contained in section 9718 were unconstitutional. We based this conclusion upon the en banc panel's holding in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (en banc), stating that mandatory minimum sentencing statutes in Pennsylvania containing the language appearing in section 9718(c) "are void in their entirety." **Wolfe**, 106 A.3d at 806; **see Newman**, 99 A.3d at 102-03 (concluding that the offending language in the mandatory minimum sentencing statute at issue was not severable from the rest of the statute, as "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**"); **see supra,** n.5.

Crespo was sentenced, in part, to the mandatory minimum sentence pursuant to section 9718. We are therefore compelled vacate the judgment of sentence and remand for resentencing without consideration of the mandatory minimum sentencing provisions of section 9718.

Judgment of sentence vacated. Case remanded for resentencing in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2015