689 A.2d 211

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Barry WIDMER, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 12, 1996.

Decided Jan. 30, 1997.

Concurring Opinion Filed Feb. 18, 1997.

138

Joseph W. Chupein, Jr., Media, for Barry Widmer, Jr.

Joseph J. Mittleman, William R. Toal, III, Media, for Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION OF THE COURT

FLAHERTY, Chief Justice.

Following his conviction and sentencing for rape, appellant, Barry Widmer, Jr., elected to forgo the optional post-sentence motion under recently amended Pa.R.Crim.P. 1410 A.(3),[†] choosing the option of a notice of appeal to the Superior Court. In response to appellant's concise statement of matters complained of on appeal, the trial court filed an opinion in support of the judgment of sentence pursuant to Pa.R.A.P. 1925.

[†] Rule 1410 adopted March 22, 1993 and amended December 17, 1993, effective as to cases in which the determination of guilt occurs on or after January 1, 1994.

One of the issues raised on appeal was a challenge to the weight of the evidence. The trial court, in its Rule 1925 opinion, held unequivocally that the verdict was contrary to the weight of the evidence, but because appellant had not filed a post-sentence motion for a new trial, the appeal divested the trial court of jurisdiction to act on the challenge to the weight of the evidence:

> This Court's sense of justice was indeed shocked. Defendant, by taking a direct appeal, has deprived this court of the opportunity to act on the weight of the evidence question, and left this court with only the ability to express its view on this issue by addressing it in response to the Defendant's concise statement of matters complained of on appeal. Although under the new rules governing appellate procedure, a defendant may bypass the Court of Common Pleas and appeal directly to Superior Court, it is important that the Superior Court be aware of the fact that if Mr. Widmer had moved for a new trial based upon the weight of the evidence, this Court most certainly would have granted his motion.

Slip op., January 27, 1995, at 29. The Superior Court, relying on *Commonwealth v. Hodge*, 441 Pa.Super. 653, 658 A.2d 386 (1995), held that a challenge to the weight of the evidence must first be raised in the trial court and that failure to do so constituted a waiver of the claim. *Commonwealth v. Widmer*, 446 Pa.Super. 408, 421, 667 A.2d 215, 221 (1995).

While it is correct, as stated in *Hodge, supra*, that a challenge to the weight of the evidence must be addressed in the first instance by the trial court, *Hodge*, 441 Pa.Super. at 658–60, 658 A.2d at 388–89, we granted allocatur to address the effect of Pa.R.Crim.P. 1410 B.(1)(c) in this context, a question of first impression in this court.

Pa.R.Crim.P. 1410 B.(1)(c) states: "Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues." The issue under consideration—the weight of the evidence—is an exceptional issue which is unlikely to be preserved for appeal without the filing of a post-sentence

motion. Thus, the option of forgoing a post-sentence motion and proceeding directly to the Superior Court, as permitted by Rule 1410, may not preserve the issue for appeal. Nevertheless, this case differs from *Hodge* in that the trial court had reviewed the weight of the evidence claim prior to the Superior Court's review, and clearly held that the verdict was in fact contrary to the weight of the evidence. Therefore, the precept in *Commonwealth v. Brown*, 538 Pa. 410, 435–39, 648 A.2d 1177, 1189–91 (1994), that a weight of the evidence claim must be addressed in the first instance by the trial court has been met. There was no need for the Superior Court to review a cold record and make an initial determination concerning the weight of the evidence, which was the problem underlying the *Brown* decision. That being the case, it was error for the Superior Court to apply *Hodge* in this case to rule that appellant's failure to file a post-sentence motion for a new trial had the effect of waiving his claim that the verdict was contrary to the weight of the evidence. Under these circumstances, the Superior Court should have remanded the case to the trial court rather than holding that appellant had waived this claim.

We hold that appellant must be permitted to file a motion for a new trial nunc pro tunc challenging the weight of the evidence pursuant to Rule 1410 B.(1)(a)(iv).

Judgment of Superior Court reversed and case remanded to the trial court to permit appellant to file a motion for a new trial nunc pro tunc challenging the weight of the evidence.

CAPPY, Justice, concurring.

I agree with the result reached by the Majority because fairness dictates that the instant case be remanded to the trial court and Appellant permitted to file a motion for a new trial *nunc pro tunc* challenging the weight of the evidence. However, given the clear oversight in new Rule 1410 respecting weight of the evidence claims, I would go further and specifically direct that the Criminal Rules Committee amend Rule 1410 as soon as practical to explicitly provide for weight of the evidence challenges.

As Chief Justice Flaherty notes, new rule 1410 allows a defendant the option of filing post-trial motions or simply filing a direct appeal. Previously, only those issues raised in post-trial motions were deemed preserved for appeal and thus, a defendant was required to file post-trial motions. New Rule 1410 achieves its objective of permitting the by-passing of post-trial motions, by specifically stating that "[i]ssues raised before or during trial will now be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues." The problem, as Chief Justice Flaherty so aptly notes, is that challenges to the weight of the evidence can never be raised "before or during trial"; rather such challenges can only be raised *after* trial. Thus, there is a clear void in new rule 1410; a void which I believe was unintentional and one which the Criminal Rules Committee must address. The fact that the trial court in the instant case addressed the challenge to the weight of the evidence in its opinion filed pursuant to Pa.R.A.P.1925 simply does not cure the deficiency in new rule 1410 since there likely will be times where, under similar circumstances, the trial court will either review such a challenge in its rule 1925 opinion in a cursory fashion or even fail to address such a challenge at all. Certainly, given the language of rule 1410 as it now stands, a defendant caught in those circumstances should not be denied his or her right to challenge the weight of the evidence any more than the defendant in the instant matter should. At the very least, Rule 1410 should specifically state that challenges to the weight of the evidence must be raised first in the trial court or else those challenges will be deemed waived.

Accordingly, in addition to ordering a remand here, I would direct that the Criminal Rules Committee revise Rule 1410 posthaste.