**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| IN THE INTEREST OF J.B. | : No. 34 WAP 2013 |
| | : |
| | : |
| | : Appeal from the Order of the Superior |
| APPEAL OF: COMMONWEALTH OF | : Court entered May 8, 2013 at No. 940 WDA |
| PENNSYLVANIA | : 2012, vacating the Order of the Court of |
| | : Common Pleas of Lawrence County |
| | : entered May 18, 2012 at No. 113 of 2011, |
| | : JUV and remanding. |
| | : |
| | : ARGUED:   March 12, 2014 |

**DISSENTING OPINION**

**MR. JUSTICE STEVENS**                    **DECIDED:   DECEMBER 15, 2014**

I respectfully dissent from the Majority's decision to vacate the Superior Court's order and remand this matter to the juvenile court to permit J.B. to file a motion for a new adjudication hearing, nunc pro tunc, challenging the weight of the evidence supporting his adjudication of delinquency for one count of first-degree murder and one count of homicide by an unborn child.   For the reasons discussed infra, J.B. waived his weight of the evidence claim in the juvenile court, and thus, I would reverse the Superior Court's order and reinstate the dispositional order.

Initially, I note it is uncontested that J.B. did not file a post-dispositional motion raising his weight of the evidence claim and, similar to the Majority, I agree with the Commonwealth that J.B. could not raise a weight of the evidence challenge in his closing argument.   However, I disagree with any suggestion by the Majority that J.B. may have preserved his weight claim by raising it, for the first time, in his Pa.R.A.P. 1925(b)

statement or that the instant matter is procedurally identical to <u>Commonwealth v. Widmer</u>,

547 Pa. 137, 689 A.2d 211 (1997).

Pa.R.J.C.P. 620 provides, in relevant part:

> **Rule 620.   Post-Dispositional Motions**
> **A.   Optional Post-Dispositional Motion.**
>     (1)   The parties shall have the right to make a post-dispositional motion.   All requests for relief from the court shall be stated with specificity and particularity, and shall be consolidated in the post-dispositional motion.
>     (2)   Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues.
> ***

Pa.R.J.C.P. 620(A)(1), (2) (bold in original).

When Pa.R.J.C.P. 620 is viewed under the lens of the Statutory Construction Act, <u>see In re Carney</u>, 621 Pa. 476, 79 A.3d 490 (2013) (indicating we utilize the Statutory Construction Act, 1 Pa.C.S. § 1501-1991, in examining this Court's rules), it is evident that the language of the Rule is clear and unambiguous, and there is no "gap" in the procedural rules governing the presentation and appellate review of weight of the evidence claims.   Rather, pursuant to the plain language of Pa.R.J.C.P. 620, a juvenile has the right to make a post-dispositional motion; however, to the extent the juvenile properly raised an issue before or during the adjudicatory hearing, the juvenile need not additionally file a post-dispositional motion in order to preserve the issue for appeal.

The Comment to Pa.R.J.C.P. 620 confirms this legal precept in that it provides, in relevant part:

> Under paragraph (A)(2), any issue raised before or during adjudication is deemed preserved for appeal whether a party chooses to raise the issue in a post-dispositional motion.   It follows that the failure to brief or argue an issue in the post-dispositional motion would not waive that issue on appeal as long as the issue was properly preserved, in the first instance, before or during adjudication.

Pa.R.J.C.P. 620 cmt.

Thus, while Pa.R.J.C.P. 620 provides the making of a post-dispositional motion is "optional," it is, as the Comment to Pa.R.J.C.P. 620 confirms, "optional" to the extent the issue is otherwise capable of and properly raised before or during the adjudicatory hearing. That is, Pa.R.J.C.P. 620 provides post-dispositional motions are not intended to be an additional procedural step necessary for the preservation of issues otherwise properly raised before or during the juvenile court's proceedings, or an additional procedural step for those claims which we have deemed, due to an appellate court's standard of review, permitted to be raised for the first time on appeal. See In re D.S., 614 Pa. 650, 39 A.3d 968 (2012) (indicating juvenile appellants are permitted to raise sufficiency of the evidence claims for the first time on appeal). Rather, post-dispositional motions are generally intended to give juvenile defendants the option of resubmitting for the juvenile court's consideration issues, which were properly raised before or during the juvenile court's proceedings.

However, as it relates to a juvenile's weight of the evidence claim, which under an appellate court's standard of review must be addressed in the first instance to the juvenile court judge, as a practical matter, the post-dispositional motion may generally provide the juvenile court judge with the earliest opportunity to exercise his discretion.[1] Thus, to the extent the juvenile defendant did not otherwise properly challenge the weight of the evidence after the juvenile court judge rendered his adjudication of delinquency, the

---

[1] The Comment to Pa.R.J.C.P. 620 specifically contemplates that juveniles may opt to preserve weight of the evidence claims in post-dispositional motions and provides "motions alleging that the court's findings were against the weight of the evidence are to specify why the findings were against the weight of the evidence." Pa.R.J.C.P. 620 cmt.

juvenile defendant is given the opportunity to preserve the claim in a post-dispositional motion.[2]

I specifically disagree with any suggestion by the Majority that J.B. may have avoided waiver by raising his weight claim, for the first time, in his Pa.R.A.P. 1925(b) statement. Pennsylvania law is clear that a Pa.R.A.P. 1925(b) statement may not be used as a vehicle to resurrect previously waived claims. See Commonwealth v. Sanchez, 614 Pa. 1, 36 A.3d 24 (2011), cert. denied, ___ U.S. ___, 133 S.Ct. 122, 184 L.Ed.2d 58 (2012) (explaining issue raised for the first time in Pa.R.A.P. 1925(b) statement generally results in waiver). The juvenile court must be given the opportunity to take corrective measures in a timely manner when it still has jurisdiction at an early stage without necessitating the expenditure of time and judicial energy in taking an appeal to the appellate courts. See In re F.C., III, 607 Pa. 45, 65, 2 A.3d 1201, 1212 (2010) (holding jurisprudential mandate of waiver is "grounded upon the principle that a trial court…must be given the opportunity to correct its errors as early as possible.") (citation omitted). This is particularly true for weight of the evidence claims, upon which the juvenile court's exercise of discretion is paramount.

Additionally, the fact the juvenile court addressed J.B.'s waived weight of the evidence claim in its advisory Pa.R.A.P. 1925(b) opinion should not alter this Court's application of the waiver doctrine in this case. In fact, this Court has previously rejected

---

[2] Juveniles may, but need not, raise their weight of the evidence claims in post-dispositional motions if they otherwise properly raised their weight claims after the juvenile court adjudicated them delinquent. This is consistent with our rules governing weight of the evidence claims with regard to adult criminal defendants. See Pa.R.Crim.P. 607 cmt. ("When a [weight] claim is raised before sentencing, the defendant may, but need not, raise the issue again in a post-sentence motion.") (citing Pa.R.Crim.P. 720(B)(1)(a)(iv)).

such an approach.  See Commonwealth v. Sherwood, 603 Pa. 92, 110, 982 A.2d 483, 494 (2009), cert. denied, 559 U.S. 1111, 130 S.Ct. 2415, 176 L.Ed.2d 932 (2010) (holding waiver was appropriate remedy despite the fact the trial court addressed the merits of the adult criminal appellant's weight of the evidence claim, which was raised for the first time in his Pa.R.A.P. 1925(b) statement).

Finally, I disagree with the Majority that the instant case is procedurally identical to Widmer, supra, which was neither cited nor argued by either the Commonwealth or J.B. in their respective appellate briefs.  In Widmer, this Court was faced with a situation where a Superior Court panel found a weight of the evidence claim to be waived since it was not presented in post-sentence motions, but was raised for the first time in the appellant's Pa.R.A.P. 1925(b) statement.  Concluding there was some ambiguity in then Pa.R.Crim.P. 1410 as it related to preserving weight of the evidence claims, and the circumstances in Widmer were otherwise distinguishable from precedent upon which the Superior Court panel had relied in finding waiver, this Court reversed and remanded, concluding the appellant should be permitted to file a motion for a new trial nunc pro tunc under then Pa.R.Crim.P. 1410B.(1)(a)(iv).  However, in the case sub judice, the text of Pa.R.J.C.P. 620, and particularly as supported by its Comments, sets forth a proper, clear mechanism providing for juveniles to present their weight challenges to the juvenile court, and J.B. should have been aware of the preservation requirements.

Therefore, since J.B. failed to raise his weight of the evidence claim properly in the juvenile court below, unlike the Majority, I would reverse the Superior Court's order and reinstate the dispositional order.  Accordingly, I dissent.