**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| IN THE INTEREST OF J.B. | : No. 34 WAP 2013 |
| | : |
| | : |
| | : Appeal from the Order of the Superior |
| APPEAL OF: COMMONWEALTH OF | : Court entered May 8, 2013 at No. 940 |
| PENNSYLVANIA | : WDA 2012, vacating the Order of the |
| | : Court of Common Pleas of Lawrence |
| | : County entered May 18, 2012 at No. 113 |
| | : of 2011, JUV and remanding. |
| | : |
| | : 69 A.3d 268 (Pa. Super. 2013) |
| | : |
| | : ARGUED:  March 12, 2014 |

**CONCURRING OPINION**

**MR. CHIEF JUSTICE CASTILLE**          **DECIDED:  DECEMBER 15, 2014**

I join the Majority Opinion in full.  I write separately to note that the Commonwealth neither cited nor argued the applicability of Commonwealth v. Widmer, 689 A.2d 211 (Pa. 1997), which, as the Majority properly holds, plainly counsels a remand to allow J.B. to raise his weight of the evidence issue in a post-dispositional motion *nunc pro tunc* in order to maintain a consistent approach to similarly-situated litigants.  J.B.'s counsel and institutional co-counsel with the Juvenile Law Center likewise apparently did not find the Widmer case.  A review of the briefs in the Superior Court shows that the case was not argued to the panel below either, which explains, at least in part, the panel's failure to grapple with the most logically analogous situation. The briefing lapse is ironic since both parties, and the panel below, cite to a later appeal

in the <u>Widmer</u> case, albeit not on the waiver question. <u>See</u> <u>Commonwealth v. Widmer</u>, 744 A.2d 745 (Pa. 2000).

In any event, the Majority author proves herself more formidable at legal research than the parties, which is a good thing. The fact that parties are unaware of controlling, persuasive, or relevant decisions of the Court cannot cabin the Court's approach, and the Majority goes about dispensing justice notwithstanding the lapse. I would remind the parties of the value in conducting more thorough legal research, and particularly in cases arising on the Court's allocatur docket, cases which are often accepted precisely because of the important impact the issue may have statewide.