IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | | |
|---|---|---|
| IN THE INTEREST OF J.B. | : | No. 34 WAP 2013 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: COMMONWEALTH OF PENNSYLVANIA | : | Appeal from the Order of the Superior |
| | : | Court entered May 8, 2013 at No. 940 |
| | : | WDA 2012, vacating the Order of the |
| | : | Court of Common Pleas of Lawrence |
| | : | County entered May 18, 2012 at No. |
| | : | 113 of 2011, JUV and remanding. |
| | : | |
| | : | |
| | : | |
| | : | ARGUED: March 12, 2014 |

**CONCURRING AND DISSENTING OPINION**

**MR. JUSTICE SAYLOR**                    **DECIDED: DECEMBER 15, 2014**

I support the majority's approach to the degree to which it declines to enforce an outright waiver against the juvenile appellee; however, I differ with the decision to remand for redundant weight-of-the-evidence review.

In explaining the reasons underlying its approach, the majority envisions a conceptual divide between closing arguments made to a judge as the fact-finder in non-jury proceedings and a claim that the weight of the evidence favors acquittal/dismissal. See Majority Opinion, slip op. at 36. First, the majority alludes to a temporal distinction. See id. ("[I]t is a matter of plain logic that a claim that an adjudication of delinquency is against the weight of the evidence presupposes that the juvenile court has already made such a final adjudication." (emphasis in original)). The majority also perceives a substantive difference, in that closing arguments focus on whether the government has

established guilt beyond a reasonable doubt; whereas, a weight-of-the-evidence challenge asks the fact-finder to reassess "to determine whether certain facts of record are so weighty that they warrant the grant of a new adjudication hearing," id., or, analogously, a new trial in the adult criminal context.

From my point of view, however, both the temporal and substantive distinctions relied upon by the majority are illusory. First, while I realize that one can posit in an abstract way that a challenge to a verdict or adjudication cannot logically precede the verdict or adjudication, see Majority Opinion, slip op. at 36; Commonwealth v. Widmer, 547 Pa. 137, 141, 689 A.2d 211, 213 (1997) (Cappy, J., concurring), a similar temporal observation could be made about every routine ruling pertaining to the admission of evidence in a trial or adjudication. However, at least as a general rule -- and with good reason -- redundant exceptions to objected-to rulings are no longer required. Cf. Commonwealth v. Pressley, 584 Pa. 624, 630, 887 A.2d 220, 224 (2005) (citing Pa.R.Crim.P. 603).

Substantively, criminal defense attorneys regularly argue to factfinders in closing remarks that the evidence weighs heavily in favor of acquittal (or dismissal of juvenile charges), obviously highlighting strengths of evidence favorable to the defense and weaknesses of that presented by the government. See, e.g., In re J.B., 69 A.2d 268, 276 (Pa. Super. 2013) ("In the present case, . . . during closing argument J.B. presented precisely the same arguments to the juvenile court that he now asserts on appeal in support of his weight of the evidence claim."). The defense is in no way confined to the contention that the Commonwealth has failed to adduce sufficient proof (albeit this is, obviously, also a strategy often pursued, for example, in cases in which the defense presents no evidence of its own).

For the above reasons, I see little rational impediment to permitting defendants or juveniles to argue to a judge, during the course of non-jury proceedings, that the weight of the evidence requires acquittal/dismissal and to perfect such claims for appellate review by advancing them in statements of matters complained of on appeal per Rule of Appellate Procedure 1925, as occurred in the present case.[1]  Along these lines, I agree fully with the Superior Court's stated rationale in its outright rejection of the waiver assertion.  See id. at 276-77.  Accordingly, I would proceed to address the merits of the Superior Court's holding that the adjudication was against the weight of the evidence, per the third issue upon which appeal was allowed.  This, of course, would alleviate the inefficiency and incongruity of the outcome directed by the majority, which is to remand to the juvenile court to consider a claim which that court already has resolved and which also has been fully vetted already in the intermediate court on direct appellate review.

---

[1] Because bench and jury trials in adult criminal proceedings are materially different in that the trial judge serves as fact-finder in the former but not the latter context, so far as I can tell, the most salient justification for equating weight-of-the-evidence challenges as between bench and jury trials in adult criminal proceedings (insofar as post-verdict proceedings are required in both) is for the sake of consistency.