Chief Justice CASTILLE,
concurring.
I join the Majority Opinion in full. I write separately to note that the Commonwealth neither cited nor argued the applicability of Commonwealth v. Widmer, 547 Pa. 187, 689 A.2d 211 (1997), which, as the Majority properly holds, plainly counsels a remand to allow J.B. to raise his weight of the evidence issue in a post-dispositional motion nunc pro tunc in order to maintain a consistent approach to similarly-situated litigants. J.B.’s counsel and institutional co-counsel with the *163 Juvenile Law Center likewise apparently did not find the Widmer case. A review of the briefs in the Superior Court shows that the case was not argued to the panel below either, which explains, at least in part, the panel’s failure to grapple with the most logically analogous situation. The briefing lapse is ironic since both parties, and the panel below, cite to a later appeal in the Widmer case, albeit not on the waiver question. See Commonwealth v. Widmer, 560 Pa. 308, 744 A.2d 745 (2000).
In any event, the Majority author proves herself more formidable at legal research than the parties, which is a good thing. The fact that parties are unaware of controlling, persuasive, or relevant decisions of the Court cannot cabin the Court’s approach, and the Majority goes about dispensing justice notwithstanding the lapse. I would remind the parties of the value in conducting more thorough legal research, and particularly in cases arising on the Court’s allocatur docket, cases which are often accepted precisely because of the important impact the issue may have statewide.