J-S52032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WOODROW JOHN HICKS | |
| Appellant | No. 268 WDA 2015 |

Appeal from the Judgment of Sentence of January 5, 2015
In the Court of Common Pleas of Indiana County
Criminal Division at No.: CP-32-CR-0000467-2013

BEFORE:  SHOGAN, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 12, 2015**

Woodrow John Hicks appeals the judgment of sentence imposed upon his convictions for unlawful contact with minor; criminal attempt—statutory sexual assault; corruption of minors; simple assault; criminal use of communication facility; and fleeing or attempting to elude officer.[1]  These convictions stemmed from his efforts to arrange a sexual liaison with a fifteen-year-old girl.  He raises challenges to the admission of certain evidence and to the jury's weighing of the evidence presented at trial.  We affirm.

The trial court has provided the following factual history of this case:

_____

[1]  ***See*** 18  Pa.C.S.  §§ 6318(a)(1),  3122.1(b)  (criminal  attempt—18 Pa.C.S. § 901), 6301(a)(1)(ii), 2701(a)(1), 7512(a), and 75 Pa.C.S. § 3733(a), respectively.

These charges arose on November 3, 2012, after the victim, who at the time was fifteen years of age, went to the Pennsylvania State Police with her mother. She complained that [Hicks] had been repeatedly contacting her in [an] attempt to arrange a meeting to engage in sexual activities. If the victim would not participate, [Hicks] threatened to send compromising photos of her to her mother.

While at the police station, the victim sent a text message to [Hicks] under the direction of the [troopers]. She arranged to meet [Hicks] at a local store, however, when [Hicks] arrived he was placed under arrest. Prior to the arrest being effectuated, [Hicks] attempted to flee the scene and endangered the arresting officers.

Trial Court Opinion, 3/30/2015, at 1-2.

At the conclusion of the ensuing trial, a jury found Hicks guilty of the above-enumerated charges. Upon these charges, the trial court imposed the following sentences: For unlawful contact with a minor, the court sentenced Hicks to sixteen months to five years' incarceration, with a consecutive probationary period of five years; for simple assault, the court imposed one month to two years' incarceration to run concurrently with the prior sentence; for fleeing or attempting to elude a police officer and criminal use of a communication facility, the court imposed two years' probation and five years' probation, respectively, with those probationary sentences to run consecutively to his incarceration and parole for unlawful contact with a minor, but concurrently with each other and the other probationary sentence. The trial court imposed no additional sentence on the remaining charges, which the court found merged for purposes of sentencing with unlawful contact with a minor. *See* Sentencing Order, 1/5/2015. On the

same date, the trial court designated Hicks a sex offender subject to lifetime registration under the Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10, *et seq*.

On January 30, 2015, Hicks filed a timely notice of appeal. On February 2, 2015, the trial court entered an order directing Hicks to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hicks timely complied, and the trial court filed its Rule 1925(a) opinion on March 30, 2015. This appeal is now ripe for our consideration.

Hicks raises two issues for our consideration:

1.    Were the verdicts against the weight of the evidence?

2.    Was it error to allow messages sent from Hicks's computer to be introduced into evidence?

Brief for Hicks at 4-5. We address these issues in turn.

During sentencing, while Hicks expounded upon the injustice of his situation, and pleaded in the abstract for the trial court to enter a judgment of acquittal, he did not in any cogent way contest the jury's weighing of the evidence. Similarly, his attorney did not raise that issue then, nor did counsel or Hicks file anything in the nature of a post-trial motion.

Pennsylvania Rule of Criminal Procedure 607 provides as follows:

(A)    A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1)    orally, on the record, at any time before sentencing;

> (2)  by written motion at any time before sentencing; or
>
> (3)  in a post-sentence motion.

Pa.R.Crim.P. 607.  Commentary to the rule addresses the rule's purpose:

> The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.  Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion. **See Commonwealth v. Widmer**, 689 A.2d 211 (Pa. 1997); **Commonwealth v. Brown**, 648 A.2d 1177, 1189-92 (Pa. 1994).

*Id.* Cmt. (citations modified).

This Court long has held that failure to preserve a weight of the evidence challenge in accordance with the requirements of Rule 607 will result in waiver of that challenge on appeal, even if the trial court addresses the challenge in its opinion.  **See Commonwealth v. Thompson**, 934 A.3d 478, 490 (Pa. Super. 2014) (citing **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009); **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012)).  In **Thompson**, we explained as follows:

> Appellate review of a weight claim is limited to whether the trial court palpably abused its discretion.  Here, the trial court never ruled on the issue and, therefore, it could not grant [or] deny the claim at the time it was first raised by [the appellant] in his concise statement.  Although the court addressed the issue's merits in its Rule 1925(a) opinion, the trial court was, by that time, divested of jurisdiction to take further action in the case. Thus, the trial court was never given the opportunity to provide [the appellant] with relief and, consequently, there is no discretionary act that this Court could review.

*Id.* at 490-91 (citations, bracketed textual modifications, and quotation marks omitted). Thus, absent a contemporaneous or post-sentence motion challenging the weight of the evidence, any such challenge necessarily is waived.

Although Hicks, who was represented by counsel, embarked during his sentencing proceeding upon a rambling castigation of virtually every facet of his investigation, arrest, and prosecution, pausing to impugn the integrity of the victim and her mother along the way, *see* Notes of Testimony ("N.T."), 1/5/2015, at 7-12, neither he nor his attorney ever offered anything resembling an oral motion for a new trial necessitated by the jury's weighing of the evidence. Furthermore, Hicks filed no written post-sentence motion. In short, the record is clear that Hicks did not satisfy the requirements of Rule 607, denying the trial court the opportunity to review the issue when it had jurisdiction to do so. Thus, the trial court was denied the opportunity to exercise the discretion to which our review is limited in connection with weight of the evidence claims. Consequently, Hicks' challenge to the weight of the evidence is waived, and we may not consider its merit.

Hicks next contends that the trial court, in violation of its own pre-trial suppression order, allowed the Commonwealth to admit certain evidence taken from Hicks' computer, specifically messages allegedly sent by Hicks to the victim via Facebook Messenger and text messages sent from his phone. Our standard of review of challenges to the admissibility of evidence is well-settled:

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.
>
> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Borovichka*, 18 A.3d 1242, 1253 (Pa. Super. 2011) (citation omitted).

The trial court disputed Hicks' account of what occurred at trial, noting that Hicks' Rule 1925(b) statement was vague on precisely what evidence he believed was improperly admitted:

> [P]rior to trial, the [trial court] entered an [o]rder suppressing evidence taken from [Hicks'] computer. At trial, evidence was presented in the form of text messages and Facebook messages exchanged between the victim and [Hicks]; however, these messages were provided by the victim herself. None of the messages presented at trial were taken from [Hicks'] computer; therefore, they were not excluded by the [s]uppression [o]rder. For this reason, Hicks' argument has no merit.

T.C.O. at 3.

Hicks' argument on this point lacks in any citation or discussion of governing authority. *See* Brief for Hicks at 25-27. Under Pa.R.A.P. 2119(a), this deficiency alone would justify this Court in deeming this issue waived.

*See* Pa.R.A.P. 2119(a) ("The argument shall . . . [include] such discussion and citation of authorities as are deemed pertinent."); *see Commonwealth v. Treiber*, 121 A.3d 435, 474 (Pa. 2011). Furthermore, Hicks appears to concede at least the possible validity of the trial court's assertion that the evidence in question derived from sources other than Hicks' computers. He acknowledges that the trial court so concluded, but twice indicates that the sources for the messages was "not clear." *See* Brief for Appellant at 26 ("While it is not clear from the record, Hicks contends that . . . [the messages were] improperly admitted into evidence at trial . . . ."); *id.* ("[I]t was not clear that the messages introduced were provided by the minor rather than obtained from [Hicks'] computer.").

We are constrained to agree with Hicks' that the provenance of the messages, themselves, is unclear from the transcript. When the Commonwealth began to question the victim regarding certain messages, Hicks made a timely objection. *See* N.T., 9/23/2014, at 21. The trial court agreed with Hicks that it was incumbent upon the Commonwealth to lay a foundation for the messages, and the Commonwealth indicated that it would do so. *Id.* at 22. In the questioning that ensued, however, the Commonwealth only asked the victim to verify that the hard copies of certain messages from Hicks to the victim, including Facebook messages and text messages, were authentic, and that she had received them. *Id.* at 22-29. Hicks not only did not object that the Commonwealth still had failed to establish that the messages presented had not been found on Hicks'

computer, but he actually declined the invitation to raise that objection. When the Commonwealth moved to admit the now putatively-authenticated Facebook and text messages the trial court asked whether Hicks had an objection and Hicks responded that he did not. *Id.* at 29.

While we agree that the source of the messages submitted by the Commonwealth and authenticated by the victim was unclear from the testimony, Hicks' failure to object to the Commonwealth's post-objection attempt to lay a foundation for their admission in conformity with the trial court's suppression order denied the trial court and the Commonwealth the opportunity to develop the point. *See Commonwealth v. Freeman*, 827 A.2d 385, 396 (Pa. 2003) (quoting *Dilliplaine v. Lehigh Valley Trust Co.*, 322 A.2d 114, 116-17 (Pa. 1974)) ("Requiring a timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors. This opportunity to correct alleged errors at trial advances the orderly and efficient use of our judicial resources."). Under these circumstances, Hicks' initial objection was insufficient to preserve the issue for review, given the testimony that followed, and Hicks' failure to object to the Commonwealth's failure to establish clearly the source of the messages it admitted into evidence. Hicks demanded a foundation, the Commonwealth purported to offer one, and it was incumbent upon Hicks to raise any specific deficiency that he detected in the Commonwealth's foundation. His failure to do so denied the trial court the opportunity to reconsider its ruling in light of the Commonwealth's presentation. Therefore,

the purposes of requiring a contemporaneous objection were not served, and the issue is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015