J-S55043-16

2016 PA Super 191

IN THE INTEREST OF: J.G., A MINOR

v.

APPEAL OF: J.G., A MINOR

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1884 EDA 2015

Appeal from the Dispositional Order June 2, 2015
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0003238-2014

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

CONCURRING AND DISSENTING OPINION BY LAZARUS, J.:**FILED AUGUST 26, 2016**

I join in the Majority's disposition of Juvenile's challenges to the suppression and sufficiency of the evidence. I write separately, however, because I disagree with the Majority's decision to remand this case for the filing of a post-disposition motion. While I acknowledge we are bound by the Pennsylvania Supreme Court's decision in *In re J.B.*, 106 A.3d 76, 91 (Pa. 2014), that decision does not compel remand here.

In *J.B.*, the Court held that J.B. did not waive his weight of the evidence claim where he raised it for the first time in his Rule 1925(b) statement and the trial court addressed the issue. In its analysis, the Court acknowledged that J.B. did not file a post-disposition motion; the Court also acknowledged that raising it in closing argument was inconsequential

---

[*] Former Justice specially assigned to the Superior Court.

because a weight challenge presupposes adjudication.  *Id.* at 95.   What the

Court found significant was the fact that

> *J.B. did, however, present his weight of the evidence claim*
> *to the juvenile court in his Pa.R.A.P. 1925(b) statement.*
> *The question, then, is whether this manner of*
> *presentation,* ***coupled with the fact that the juvenile***
> ***court ruled on it in its Pa.R.A.P. 1925(a) opinion***
> *sufficiently preserved his claim for appellate review.* The
> Juvenile Rules of Court Procedure do not, at present,
> specify how a juvenile who has been adjudicated
> delinquent must present a weight of the evidence claim to
> the juvenile court so that the claim is preserved for
> appellate review. However, in a procedurally identical
> matter, our Court, in [***Commonwealth v.***] ***Widmer***, [689
> A.2d 211 (Pa. 1997)], addressed, in the context of criminal
> proceedings, a similar gap in the procedural rules
> governing presentation and appellate review of a weight of
> the evidence claim. Therein, our Court unanimously
> refused to find a criminal defendant's weight of the
> evidence claim waived ***where it was raised in the***
> ***defendant's statement of matters complained of on***
> ***appeal and ruled on by the trial court***.

*Id.* at 96 (emphasis added).

Here, unlike in *J.B.*, the trial court did not rule on the weight claim in

its Pa.R.A.P. 1925(a) opinion.  Notwithstanding this distinction, I note my

agreement with the sound reasoning in then-Justice Stevens' dissenting

opinion in *J.B.*, that where a weight claim has not been raised to the juvenile

court judge, an appellant cannot resurrect it in a Rule 1925(b) statement:

"the text of Pa.R.J.C.P. 620, and particularly as supported by its Comments,

sets forth a proper, clear mechanism providing for juveniles to present their

weight challenges to the juvenile court, and [appellant] should have been

aware of the preservation requirements." *J.B.*, 106 A.3d at 103 (Stevens,

- 2 -

J., dissenting).  ***See*** Pa.R.J.C.P. 620(A)(1) ("The parties shall have the right to make a post-dispositional motion.").  ***See also*** Pa.R.J.C.P. 620 -Comment ("[M]otions alleging that the court's findings were against the weight of the evidence are to specify why the findings were against the weight of the evidence.").

Instantly, since J.G. did not raise or preserve his weight of the evidence issue for appeal, it is waived and there is no need for a remand.

Based upon the foregoing, I respectfully concur with the majority as to the disposition of J.G.'s suppression and sufficiency of the evidence claims and dissent as to the decision to remand.