J-S69026-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: D.J.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.J.B., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 580 WDA 2017 |

Appeal from the Order Dated December 8, 2016
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-0000082-2015

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY RANSOM, J.:                    FILED JANUARY 3, 2018

Appellant, D.J.B., a minor, appeals from the dispositional order dated December 8, 2016, adjudicating him delinquent for acts constituting indecent exposure, simple assault, false imprisonment, and indecent assault.[1]   We remand with instructions.

The relevant facts and procedural history are as follows.   In November 2015, the Commonwealth filed written allegations against Appellant, a minor born in October 1999.   On February 18, 2016, the Commonwealth filed a petition alleging delinquency arising out of an incident in Appellant's bedroom

_____

[1] See 18 Pa.C.S. §§ 3127(a), 2701(a)(3), 2903(a), and 3126(a)(7), two counts of each, respectively.

_____
*   Former Justice specially assigned to the Superior Court.

in summer 2015. The charges arose out of the allegations of two younger boys, C.C. and G.W. Notes of Testimony (N.T.), 5/31/2016, at 13, 49. C.C. has a date of birth in December 2005. Id. G.W. has a date of birth in August 2003. Id. at 45.

At the contested adjudicatory hearing, C.C. testified that Appellant made him and G.W. play a "game" in a closet in Appellant's room. Id. at 18-19. C.C. testified that he was locked into the closet with Appellant and Appellant touched C.C.'s genitals. Id. at 20- 21. G.W. testified that they were playing a game called "house." Id. at 54. G.W. stated that the incident occurred on the bed in Appellant's room. Id. at 57, 58. G.W. testified that the doorknobs to Appellant's room were removed so that a tool was needed to open the door. Id. at 55. While locked in the bedroom with C.C. and Appellant, G.W. testified that Appellant touched C.C.'s genitals underneath C.C.'s clothing. Id. at 56-57. G.W. testified that Appellant then touched G.W.'s genitals. Id. at 57-58.

On December 8, 2016, the juvenile court found Appellant guilty of all charges and adjudicated him delinquent. Appellant did not file either post-dispositional motions or a timely notice of appeal.

On March 30, 2017, Appellant filed a petition to appeal nunc pro tunc, wherein counsel stated that he filed Appellant's notice of appeal under an incorrect docket number in error. Thereafter, the juvenile court reinstated Appellant's direct appeal rights, and Appellant timely filed a notice of appeal.

On May 3, 2017, the juvenile court directed Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) "no later than twenty-one (21) days after the entry of this [o]rder." Order, 5/3/2017. Further, the court advised Appellant that "[a]ny issue not properly included in the [s]tatement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Id.

On June 13, 2017, Appellant untimely filed a 1925(b) statement. The juvenile court issued a responsive opinion.

On appeal, Appellant raises one issue:

1. Whether the trial court erred as a matter of law or abused its discretion when adjudicating the juvenile guilty on all accounts when the weight of the evidence established reasonable doubt in that the juvenile was not even present at the time of the reported incident, the victims had two different set of events, and that there was a motive to make false statements.

Appellant's Br. at 5; Concise Statement (filed 6/13/2016).

Appellant raises a challenge to the weight of the evidence.

In reviewing a trial court's adjudication of a weight of the evidence claim, "an appellate court determines whether the trial court abused its discretion based upon review of the record; its role is not to consider the underlying question in the first instance." Commonwealth v. Blakeney, 946 A.2d 645, 653 (Pa. 2008). Thus, a weight of the evidence claim must be presented to the trial court so that it may address it in the first instance. Commonwealth v. Widmer, 689 A.2d 211, 212 (Pa. 1997). See also Commonwealth v. Karkaria, 625 A.2d 1167, 1170 n. 3 (Pa. 1993) ("An allegation that the verdict is against the 'weight' of the evidence is a matter to be resolved by the trial court.").

* * *

[A] weight of the evidence challenge in a juvenile matter assumes

the evidence was sufficient to adjudicate the juvenile delinquent beyond a reasonable doubt, but asks the juvenile court to reassess its adjudication to determine whether certain facts of record are so weighty that they warrant the grant of a new adjudication hearing.

In re J.B., 106 A.3d 76, 95-96 (Pa. 2014).

The juvenile court declined to find waiver on the basis of the untimely filing of Appellant's 1925(b) statement. See TCO at 2-3 (citing Commonwealth v. Burton, 973 A.2d 428, 433 (Pa. Super. 2009)).[2] Here, the juvenile court considered the merits of the underlying issue. See TCO at 5. However, the court recognized the need for remand given that the filing of the notice of appeal divested the juvenile court of its ability to rule on the weight of the evidence claim raised on appeal. See TCO at 3-4, 6. We agree.

In order for a weight of the evidence claim to be preserved for appellate review, the claim must be presented in some manner to the juvenile court for adjudication in the first instance. In re J.B., 106 A.3d at 95. When a weight of the evidence claim is raised for the first time in a Pa.R.A.P. 1925(b) statement, the failure to present the claim to the juvenile court in a post-dispositional motion does not result in waiver. In re J.B., 106 A.3d at 98. That is because post-dispositional motions are optional in juvenile matters. See Pa.R.J.C.P. 620(A)(2) ("Issues raised before or during the adjudicatory

_____

[2] "[I]f there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." Burton, 973 A.3d at 433 (noting that late filing of 1925(b) statement is per se ineffectiveness).

- 4 -

hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues."). However, the juvenile court has no jurisdiction to act on the weight of the evidence claim, and fulfill "a necessary prerequisite for appellate review." In re J.B., 106 A.3d at 98; Widmer, 689 A.2d at 213 (Cappy, J., concurring) (noting that the trial court is apt to review the challenge in its 1925(a) opinion in a cursory fashion or even fail to address the challenge at all); see also Pa.R.A.P. 1701 (describing effect of appeal generally).

Like in In re J.B. and Widmer, Appellant first raised his weight of the evidence claim in his Pa.R.A.P. 1925(b) statement after filing a notice of appeal. In re J.B. determined that where the issue is preserved in the juvenile's 1925(b) statement, the matter must be remanded to the juvenile court to provide the juvenile with an opportunity to file a post-dispositional motion nunc pro tunc. In re J.B., 106 A.3d at 97 (noting "fairness dictates that the instant case be remanded to the trial court and [the defendant be] permitted to file a motion for a new trial nunc pro tunc challenging the weight of the evidence") (quoting Widmer, 689 A.2d at 213 (Cappy, J., concurring)). Accordingly, we remand to the juvenile court to allow Appellant to file a post-dispositional motion for a new trial nunc pro tunc challenging the weight of the evidence. See id. at 98-99.

Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2018