J. A15034/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.A.P., | : | IN THE SUPERIOR COURT OF |
| A MINOR | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: N.A.P. | : | No. 1525 MDA 2017 |

Appeal from the Dispositional Order, September 1, 2017,
in the Court of Common Pleas of Franklin County
Juvenile Division at No. CP-28-JV-0000038-2017

BEFORE: PANELLA, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED AUGUST 09, 2018**

N.A.P. ("juvenile") appeals the September 1, 2017 juvenile dispositional order entered in the Court of Common Pleas of Franklin County, adjudicating him as a delinquent and in need of treatment, supervision, and rehabilitation after the juvenile court adjudged him delinquent of rape and strangulation.[1] We vacate the juvenile dispositional order and remand with instructions.

The juvenile court set forth the following:

> Pennsylvania State Police Trooper Cortney Patillo ("Trooper Patillo") submitted to the Franklin County Juvenile Probation Department ("Juvenile Probation") a Written Allegation against [the juvenile] describing offenses in the nature of rape and strangulation. The Allegation described acts committed on or about January 17, 2017, at the juvenile's home against his then 15[-]year-old girlfriend, N.M. In light of the

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1) and 2718(a)(1), respectively.

allegation, Juvenile Probation filed a Petition Alleging Delinquency on February 21, 2017.[2]

A detention hearing was held on February [20[3]], 2017, before the Juvenile Court Master ("Master"). The Master found probable cause for rape and strangulation and determined that it was contrary to the juvenile's welfare to remain in his mother's home. The juvenile was ordered held in secure detention. Upon demand of the juvenile, a second detention hearing was held before this Court on March 3, 2017. The juvenile was ordered to remain in secure detention.

After several continuance requests by both the juvenile and the Commonwealth, a finding of fact hearing was held on June 23, 2017. After hearing the testimony of N.M., the juvenile, and seven other witnesses, this Court found the juvenile committed the offenses of rape and strangulation, beyond a reasonable doubt.

An adjudication/disposition hearing was ultimately held on September 1, 2017. Based on the evidence presented the juvenile was found in need of treatment, supervision, and rehabilitation. The juvenile was adjudicated delinquent, placed on probation supervision until further Order of Court, and placed at Adelphi Village, Loyalhanna Home. The Court found the placement to be the least restrictive placement consistent with the protection of the public and best suited to the juvenile's treatment, supervision, rehabilitation, and welfare. The disposition ensured balanced attention to the protection of the community, the imposition of accountability for the offenses committed, and the development of competencies to enable the juvenile

---

[2] The petition alleging delinquency is dated February 17, 2017, but was docketed on February 21, 2017.

[3] In its Pa.R.A.P. 1925(a) opinion, the juvenile court states that the detention hearing was held on February 16, 2017. The record, however, reflects that the detention hearing was held on February 20, 2017.

> to become a responsible and productive member of the community.
>
> The juvenile filed a Notice of Appeal on September 29, 2017. The Court directed the juvenile to file a concise statement of the [errors] complained of on appeal [pursuant to Pa.R.A.P. 1925(b)]. The juvenile's Pa.R.A.P. 1925(b) Statement was timely filed October 11, 2017.

Juvenile court opinion, 11/9/17 at 1-3 (footnotes omitted).

In his Rule 1925(b) statement, the juvenile raised a weight of the evidence challenge.[4] Thereafter, on October 17, 2017, the juvenile filed a "motion for leave to file post-disposition motion **nunc pro tunc**." (Docket # 30.) The juvenile court denied the motion "without prejudice to the [j]uvenile to file if the [j]uvenile withdraws his appeal" to this court because the juvenile court recognized that the juvenile's filing of a notice of appeal divested it of jurisdiction. (Order of court, 11/7/17.) In its Rule 1925(a) opinion, the juvenile court requests that this matter be remanded so that it may properly address the juvenile's weight challenge.

In order for a weight of the evidence claim to be preserved for appellate review, the claim must be presented in some manner to the juvenile court for adjudication in the first instance. **In re J.B.**, 106 A.3d 76, 95 (Pa. 2014). When a weight of the evidence claim is raised for the first time in a

---

[4] The juvenile framed this challenge as "[w]hether the weight of the evidence at the adjudication hearing was so greatly against the Commonwealth and in favor of [the juvenile] as to warrant a new adjudication hearing." (Juvenile's Rule 1925(b) statement, 10/11/17 at ¶ 1.)

Rule 1925(b) statement, the failure to present the claim to the juvenile court in a post-dispositional motion does not result in waiver. *Id.* at 98. That is because post-dispositional motions are optional in juvenile matters. *See* Pa.R.J.C.P. 620(A)(2) ("Issues raised before or during the adjudicatory hearing shall be deemed preserved for appeal whether or not the party elects to file a post-dispositional motion on those issues."). When a juvenile raises a weight claim for the first time in a Rule 1925(b) statement, the juvenile court has no jurisdiction to act on the claim and, consequently, cannot fulfill "a necessary prerequisite for appellate review." *Id.* at 98.

Like in *In re J.B.*, the juvenile first raised his weight of the evidence claim in his Rule 1925(b) statement after filing a notice of appeal. *In re J.B.* determined that where the issue is preserved in the juvenile's Rule 1925(b) statement, the matter must be remanded to the juvenile court to provide the juvenile with an opportunity to file a post-dispositional motion *nunc pro tunc*. *Id*. at 97 (noting "fairness dictates that the instant case be remanded to the [juvenile] court and [the defendant be] permitted to file a motion for a new trial *nunc pro tunc* challenging the weight of the evidence"), quoting *Commonwealth v. Widmer*, 689 A.2d 211, 213 (Pa. 1997) (Cappy, J., concurring) (some brackets in original). Accordingly, we vacate the juvenile dispositional order and remand to the juvenile court to allow the juvenile to

file a post-dispositional motion ***nunc pro tunc*** challenging the weight of the evidence.[5]

Juvenile dispositional order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2018

---

[5] We note that on May 23, 2018, the Supreme Court of Pennsylvania adopted a new Rule of Juvenile Court Procedure 415 and amended Rule of Juvenile Court Procedure 620 to provide a procedural mechanism for weight of the evidence claims to be raised before the juvenile court. The amendments will be effective October 1, 2018.