J-S33004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KAMERON EDWARD ORR | : | |
| | : | |
| Appellant | : | No. 1380 MDA 2017 |

Appeal from the Judgment of Sentence August 24, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007140-2015


BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED JULY 08, 2019**

Kameron Edward Orr appeals from the judgment of sentence, entered in the Court of Common Pleas of York County, following his conviction for first-degree murder.[1]  After careful review, we affirm.

On August 28, 2015, Orr fatally wounded his former girlfriend, shooting her six times in her van on Hartley Street in the City of York.  A witness testified that on that date he saw the victim on two occasions driving her vehicle with Orr in the passenger seat.  Another witness testified that between 12:00 AM and 1:00 AM on the day of the fatal shooting, he heard at least four gunshots while he was in his home on Hartley Street.  The witness then saw

---

[1] 18 Pa.C.S. § 2502(a).

a male with dark skin wearing a hooded sweatshirt walking away from a van that was parked on Hartley Street.

An autopsy revealed that the gunshot wounds to the victim's head had powder residue and stippling[2] around them. These findings suggested that the barrel of the gun was held about one or two inches from the victim's head. A forensic pathologist determined that the shooter was on the victim's right side when she was shot. There was no gun powder residue found outside of the vehicle, indicating that the shooter must have been inside the vehicle. Orr's DNA was found on a hat recovered by the police from the floor of the victim's vehicle. Orr's ZTE cell phone was also located inside the vehicle. Threatening text messages from Orr's ZTE cell phone had been sent to the victim in the weeks preceding her death. Following the murder, Orr fled the county and was apprehended in Harrisburg with the murder weapon in his possession.

On July 21, 2017, a jury found Orr guilty of first-degree murder. On August 24, 2017, the Honorable Craig T. Trebilcock sentenced Orr to life imprisonment without the possibility of parole. Orr filed a timely appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Orr raises the following issue for our review: "Whether the evidence presented by the Commonwealth at trial carried the weight required to sustain

---

[2] Stippling is unburnt gunpowder residue that may contain fragments of bullet. N.T. Jury Trial, 7/18/17, at 187.

the trial court's verdict finding [Orr] guilty of murder in the first degree?" Appellant's Brief, at 3.

Although Orr timely filed his Rule 1925(b) statement, he has not preserved his weight of the evidence issue for appellate review. Pursuant to Pennsylvania Rule of Criminal Procedure 607, weight of the evidence claims must be raised with the trial judge either orally on the record or in writing prior to sentencing, or in post-sentence motions for the issues to be preserved for appeal. *See* Pa.R.Crim.P. 607; *see also Commonwealth v. Widmer*, 689 A.2d 211 (Pa. 1997) (appellate review of weight of evidence claim is limited to review of trial judge's exercise of discretion). Instantly, Orr failed to raise the weight issue in the trial court. Therefore, he has waived this claim on appeal. *See Commonwealth v. Robinson*, 817 A.2d 1153 (Pa. Super. 2003).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/08/2019