J-S29037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN CUP | : | |
| | : | |
| Appellant | : | No. 1489 WDA 2021 |

Appeal from the Judgment of Sentence Entered November 15, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-SA-0000012-2021

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED:  DECEMBER 19, 2022**

Appellant, Adrian Cup, appeals his judgment of sentence imposed for violating the unlawful activities statute of our Motor Vehicle Code.[1]  He challenges the weight of the evidence sustaining his summary offense conviction.  Upon review, we affirm.

At 2:00 p.m. on April 7, 2021, state troopers Bernard Snyder and Adam Bowser were conducting inspections of commercial vehicles and trucks at a rest stop near the 88-mile marker on the westbound side of Interstate 80 in Jefferson County when they encountered Appellant.  N.T. 11/15/21, 11-12, 24, 30.  Appellant was driving a truck-trailer combination.  *Id.* at 12, 30.  The troopers noticed that the trailer "was damaged to the point where it was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 4107(b)(2).

unsafe for the highway." *Id.* at 13. The front section of the trailer "was damaged completely" such that it was "buckled into the trailer." *Id.* at 13-14. The first three "roof bows," which supported the structure of the trailer, were missing and the fourth one was bent. *Id.* at 14. Further, the back portion of the frame of the trailer had a sag and there was a gaping hole on the side of the trailer. *Id.* at 17-18. The frame of the trailer on the passenger's side was "broken completely through and then up into the wall of the trailer itself." *Id.* at 21. The driver's side of the frame also featured another crack. *Id.* at 21-22. Based on their observations of the damage, Trooper Bowser issued Appellant a citation for violating the unlawful activities statute because of the cracked frame. *Id.* at 23-24. Appellant informed the troopers that he was working for a company that buys trailers and refurbishes them. *Id.* at 25.

Testimony from Appellant and Trooper Snyder addressed efforts by Appellant to attempt to remediate the damage to the trailer by placing "load chocks" inside the trailer, ratchet straps on the outside of the trailer, and a chain "from one of the landing gears to the slider rail on the back of the trailer." N.T. 11/15/21, 20-21, 26, 34-35. Trooper Snyder asserted that Appellant would have needed to take down the walls and sides of the trailer and loaded it onto a different trailer in order to safely transport it. *Id.* at 27-28.

On June 12, 2021, Appellant pleaded guilty to his summary offense before a magisterial district judge who sentenced him to a fine of $100.00,

and costs in the amount of $138.00. Order Imposing Sentence, 6/14/21; Pleas of Guilty Before Issuing Authority, 6/14/21. Appellant subsequently filed an appeal to the Jefferson County Court of Common Pleas. Notice of Summary Appeal, 7/9/21. At a trial *de novo* held on November 15, 2021, the lower court convicted Appellant of the summary offense after hearing testimony from the two troopers and Appellant, and sentenced him to a fine of $25.00, plus costs and fees that the Jefferson County Prothonotary calculated to be $262.25.[2] Correspondence from Prothonotary to Appellant, 11/16/21; Order, 11/15/21. Appellant timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal. Rule 1925(b) Statement, 1/4/22; Rule 1925 Order, 12/14/21; Notice of Appeal, 12/13/21.

On appeal, Appellant's lone claim challenges the weight of the evidence. Appellant's Brief at 4 ("Whether the lower court's verdict was entered against the weight of the evidence?"). The lower court addresses the claim on the merits, as do the parties. Trial Court Opinion, 2/15/22, 1-2; **see also** Appellant's Brief at 8-10; Appellee's Brief at 2-3.

As an initial matter, we must determine whether Appellant preserved his claim for our review. A claim challenging the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the

---

[2] While the court announced a fine of $50.00 at the end of the proceeding, **see** N.T. 11/15/21, 43, the court's written order only imposing a $25.00 fine controls the sentence for purposes of this appeal. **See Commonwealth v. Isabell**, 467 A.2d 1287, 1292 (Pa. 1983) ("Generally, the signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence.") (citations omitted).

record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). The failure to preserve a weight claim pursuant to Rule 607 will result in waiver even if the trial court addresses the claim in its opinion for this Court. **See Commonwealth v. Thompson**, 93 A.3d 478, 491 (Pa. Super. 2014) ("Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion.") (citations omitted). Here, Appellant was prohibited by rule from filing a post-sentence motion in his case because it only involved a summary offense, and he did not make any oral motions for a new trial in between the announcement of the trial court's verdict and the imposition of the sentence. **See** N.T. 11/15/21, 41-44 (announcement of the verdict, discussion concerning the applicable fine amount, and the imposition of the fine for the summary offense, prior to the conclusion of the notes of testimony); **see also** Pa.R.Crim.P. 720(D) ("There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal.").

Appellant asserts that, in this instance, this Court should "determine if the lower court abused its discretion in weighing the evidence presented at the *de novo* trial." Appellant's Brief at 8. The trial court takes a different tact, finding that a weight claim is preserved because Appellant argued during the

trial that the weight of the evidence required an acquittal. Trial Court Opinion, 2/15/22, 1. We are unable to agree with these stances as a matter of law.

Appellant waived any weight claim by not availing himself of the opportunity to make an oral motion for a new trial raising a weight claim in between the announcement of the court's verdict and the imposition of the sentence after the trial *de novo*. **See Commonwealth v. Juray**, 275 A.3d 1037, 1047 (Pa. Super. 2022) ("An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim.") (citation omitted). Pa.R.Crim.P. 720(D)'s prohibition on filing post-sentence motions in summary case appeals following *de novo* trials did not relieve Appellant of his obligation to preserve his weight claim in an available method under Rule 607, here an oral motion prior to the imposition of a sentence. **See, e.g., Commonwealth v. Dougherty**, 679 A.2d 779, 784 (Pa. Super. 1994) (stating that Dougherty's challenge to the weight of the evidence in a summary appeal was preserved where the "trial [court] explicitly addressed … weight of the evidence at the close of [Dougherty's] trial[,]" in the absence of post-sentence motions."); **Commonwealth v. Schooley**, 2021 WL 1424244, *5 (Pa. Super., filed Apr. 15, 2021) (holding that a weight claim was waived where following a summary appeal hearing *de novo*, Schooley did not address the weight of the evidence orally prior to or during sentencing) (unpublished opinion cited for persuasive authority); **see also** Pa.R.Crim.P. 607 Cmt. (stating "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be

raised with the trial judge or it will be waived."); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

In the absence of a preserved weight claim below, we cannot review the weight of the trial evidence on a cold record because an appellate weight claim is a review of a trial court's exercise of discretion in ruling on the claim in the first instance. **See Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000) ("An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court."); **id.** at 753 ("Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence."). Moreover, we cannot adopt the trial court's suggestion that Appellant preserved a weight claim *during* trial because Rule 607 does not contemplate the preservation of a weight claim during trial and instead explicitly requires that the claim be preserved in a *motion* addressing a *verdict*. **See Commonwealth v. Washington**, 825 A.2d 1264, 1266 (Pa. Super. 2003) ("The present rule clearly requires that such a claim be raised initially by a motion to the trial court, and Appellant's failure to do so compels us to find the issue waived."); **see also Commonwealth v. Widmer**, 689 A.2d 211, 213 (Pa. 1997) (Cappy, J., concurring) ("The problem, as Chief Justice Flaherty so aptly notes, is that challenges to the weight of the evidence can never be raised 'before or during trial'; rather such challenges can only be raised *after* trial.") (emphasis in original).

In light of the foregoing, we deem the issue Appellant attempts to raise herein to be waived and affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022