J-S41021-17

2017 PA Super 240

| IN THE INTEREST OF: C.E.H., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| . <br> APPEAL OF: C.E.H. . | No. 1522 MDA 2016 |

Appeal from the Order Entered August 17, 2016
In the Court of Common Pleas of Northumberland County
Juvenile Division at No(s): CP-49-JV-0000200-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

OPINION BY LAZARUS, J.:                    **FILED JULY 21, 2017**

C.E.H., a minor, appeals from a dispositional order entered following his adjudication of delinquency for simple assault[1] (M2), aggravated assault[2] (F1), obstructing administration of law or other governmental function[3] (M2), and two counts of disorderly conduct (M3).[4]  C.E.H. was placed on probation under the supervision of the Northumberland County Juvenile Court, ordered to participate in all treatment programs deemed necessary

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1).

[2] 18 Pa.C.S. § 2702(a)(2).

[3] 18 Pa.C.S. § 5101.

[4] 18 Pa.C.S. § 5503(a)(1); 18 Pa.C.S. § 5503(a)(4).

and appropriate, and directed to complete 20 hours of community service. After careful review, we affirm.

On July 27, 2015, Chief Officer Todd Owens and Officer Matthew Dillman responded to a disturbance at 437 East Water Street, Mt. Carmel, Pennsylvania, where they took C.E.H.'s stepfather, J.F.S., into custody. While attempting to take Stepfather into custody, C.E.H. became irate. C.E.H. ran around the scene shouting obscenities at the police, jumped on the back of Chief Officer Owens, and impeded the police from escorting Stepfather to the police cruiser.

During C.E.H.'s attempt to impede Stepfather's escort to the police cruiser, Gary Hixon intervened. Hixon is a former member of the Mt. Carmel rescue squad for which he had served for eighteen years, currently serves on borough council, is a friend of Chief Officer Owens, and an acquaintance of Officer Dillman. On the day in question, Hixon was driving to his mother's house at 409 North Locust Street when he noticed people in the street at the scene of the incident. Hixon then exited his vehicle, observed C.E.H. "trying to get [Chief Officer Owens], like grabbing the officer from behind," grabbed C.E.H., and pushed him away from the police. N.T. Adjudicatory Hearing, 8/17/2016, at 17. C.E.H. continued to direct obscenities at the police. The incident lasted approximately 45 minutes.

On August 17, 2016, the juvenile court heard testimony from four eyewitnesses, and adjudicated C.E.H. delinquent on five charges. Counsel

- 2 -

for C.E.H. filed a timely notice of appeal and a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.[5]

On appeal, C.E.H. presents the following issue for our review:

Was the juvenile properly adjudicated delinquent on the offenses of simple assault, aggravated assault, obstructing administration of law or other governmental function, and two counts of disorderly conduct, based on a claim that the Commonwealth lacked sufficient evidence in establishing a finding of delinquency beyond a reasonable doubt?

C.E.H. argues there was insufficient evidence to prove his delinquency beyond a reasonable doubt. Specifically, with regard to the delinquency of simple and aggravated assault, C.E.H. argues there was insufficient evidence to establish an intent to attempt to cause bodily injury. Additionally, C.E.H. argues that he was precluded from developing a defensive theory of bias based on the relationships among Hixon, Chief Officer Owens, and Officer Dillman, because opposing counsel's objections to further questioning such relationships were sustained. Lastly, C.E.H. argues his claim was against the weight of evidence because the trial court relied on the testimony of less credible witnesses.

When reviewing a claim that the trial court erred in determining evidence was sufficient to find proof beyond a reasonable doubt, an appellate court must assess evidence and all reasonable inferences from that

_____

[5] On September 22, 2016, C.E.H. filed an amended Rule 1925(b) statement that was accepted by the trial court. In turn, the trial court filed a 1925(a) opinion on December 28, 2016.

evidence most favorably to the verdict winner. **_Commonwealth v. Whitacre_**, 878 A.2d 96, 99 (Pa. Super. 2005). As long as the fact-finder could use such evidence and inferences therefrom to find proof beyond a reasonable doubt, the evidence is sufficient. **_Id._** Further, the Commonwealth can meet its burden of reasonable doubt "by means of wholly circumstantial evidence." **_Id._** Only when "as a matter law, no probability of fact can be drawn from the combined circumstances," is the burden of proof beyond a reasonable doubt not met. **_Id._** Ultimately, the fact-finder resolves all questions of doubt and is free to believe all, part, or none of the evidence presented. **_Commonwealth v. Newsome_**, 787 A.2d 1045, 1047–1048 (Pa. Super. 2001).

During the adjudication proceedings on August 17, 2016, the Commonwealth presented the testimony of four eyewitnesses. The four eyewitnesses provided consistent testimony that described a scene where C.E.H. contacted Officer Owens by jumping on his back and tugging at his waist area, while continuously shouting obscenities at law enforcement in an attempt to prevent the arrest of his Stepfather. The testimony of the four eyewitnesses corroborated these events.

A person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). Under section 2701(a)(1), a victim need not actually suffer bodily injury; the "attempt to inflict bodily injury may be sufficient. This intent may be inferred from the circumstances surrounding the incident

- 4 -

if a specific intent to cause bodily injury may reasonably be inferred therefrom." **Commonwealth v. Polston**, 616 A.2d 669, 679 (Pa. Super. 1992).

A person is guilty of aggravated assault if he "attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers" listed in subsection (c) of section 2702. 18 Pa.C.S. § 2702(a)(2). The Commonwealth only needs to prove that the juvenile attempted to cause serious bodily injury; it does not have to prove that the victim actually suffered serious bodily injury. **Commonwealth v. Holley**, 945 A.2d 241, 247 (Pa. Super. 2008). "The Commonwealth may prove intent to cause serious bodily injury by circumstantial evidence." **Id.**

With regard to C.E.H.'s attempt to cause serious bodily injury, the testimony provided by the four eyewitnesses circumstantially proves C.E.H.'s intent to attempt to inflict bodily harm. After witnessing the arrest of his Stepfather, C.E.H. contacted Officer Owens by jumping on his back and tugging at his waist area, which was lined with several tools including a firearm, "taser, impact weapon, [pepper] spray, and knives." N.T. Adjudicatory Hearing, 8/17/2016, at 33. Viewing the evidence most favorably to the Commonwealth as the verdict winner, we find the evidence

supports the trial court's determination that C.E.H. committed the delinquent acts of both simple and aggravated assault.[6]

C.E.H.'s next issue on appeal is whether the trial court erred in determining that the Commonwealth presented evidence beyond a reasonable doubt that he obstructed the administration of law or other governmental function and that his actions constituted disorderly conduct. A person obstructs the law "if he intentionally obstructs, impairs or perverts the administration of law…by force, violence, physical interference or obstacle." 18 Pa.C.S. § 5101. Based on the testimony provided, C.E.H. attempted to obstruct the police escort of his Stepfather by "force, violence, physical interference and obstacle," Trial Court Opinion, 12/28/2016, at 4, when he jumped on Chief Officer Owens' back while running and walking in front of his Stepfather when the officers were escorting his Stepfather to the police cruiser. N.T. Adjudicatory Hearing, 8/17/2016, at 33-34. Thus, the evidence was sufficient to prove his intent under section 5101.

C.E.H. was also charged with two counts of disorderly conduct under sections 5503(a)(1) and (a)(4). A person is guilty under section 5503(a)(1)

_____

[6] We recognize that an adjudication of delinquency "is not a conviction of crime." *See* 42 Pa.C.S. § 6354(a). Thus, the doctrine of merger, stating that crimes merge for sentencing purposes if they arise from single criminal act and statutory elements of one offense are included in elements of another offense, does not apply in the instant juvenile matter. *See* 42 Pa.C.S.A. § 9765 (setting forth merger doctrine as part of sentencing in criminal proceedings).

if he or she intends to "cause public inconvenience, annoyance or alarm, or recklessly creating a risk," 18 Pa.C.S. § 5503(a), and does so, by "fighting or threatening, or [by] violent or tumultuous behavior." 18 Pa.C.S. § 5503(a)(1). A person is guilty of disorderly conduct if he or she creates a "hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S. § 5503(a)(4). Here, C.E.H.'s violent behavior of jumping on Chief Officer Owens' back and tugging at his waist area that was lined with several deadly weapons caused a public inconvenience and recklessly created a risk that served no legitimate purpose. *See Commonwealth v. Pringle*, 450 A.2d 103, 105–106 (Pa. Super. 1982) (court affirmed disorderly conduct conviction where defendant shouted obscenities at officers, which could have motivated others at scene to act, while officers were arresting defendant's friend). Thus, we find the evidence supports the trial court's determination that C.E.H. committed the delinquent act of disorderly conduct.

C.E.H. also claims that the trial court prevented him from developing a defensive theory of bias based on the relationships among Hixon, Chief Officer Owens, and Officer Dillman. Specifically, he claims that the Commonwealth's objections to further questioning such relationships were improperly sustained during the adjudicatory hearings. Although the court did sustain an objection to one of C.E.H.'s questions regarding Hixon's relationship with the officers on the scene, the court did permit testimony regarding the length and character of the relationships. Hixon testified that

he knew Chief Officer Owens and Officer Dillman for a long time. In any event, such limited questioning of Hixon is harmless error where four other eyewitnesses corroborated his testimony.

Lastly, C.E.H. argues his claim was against the weight of evidence because the trial court relied on the testimony of less credible witnesses. We find this claim waived.

An appellant must raise a weight of evidence claim with the trial court first to preserve appellate review of the claim. ***In Re J.B. v. Commonwealth***, 106 A.3d 76, 95 (Pa. 2014). Generally, a weight of evidence claim is "addressed to the discretion of the judge who actually presided at trial." ***Id.*** Once a trial court judge rules on a weight of evidence claim in the first instance, an appellate court can then review the trial court's ruling for an abuse of discretion. ***Id.***

Unlike Rule of Criminal Procedure 607, which requires a weight of the evidence claim be raised prior to sentencing or in a post-sentence motion, the Juvenile Rules of Court Procedure do not have any equivalent rule specifying how a juvenile adjudicated delinquent must present a weight of the evidence claim to preserve it for appellate review. In ***In Re J.B., supra,*** the juvenile presented a weight of evidence claim in his Rule 1925(b) statement, which prompted the trial court to address the weight issue in its Rule 1925(a) opinion. ***Id***. Following its own decision in ***Commonwealth v. Widmer***, 689 A.2d 211 (Pa. 1997), the Supreme Court found the weight of evidence claim preserved and remanded the case for J.B. to file a post-

dispositional motion *nunc pro tunc* where he could raise the weight of evidence claim.

Unlike the facts in J.B., however, here C.E.H. did not raise his weight claim in his Rule 1925(b) statement. Consequently, the trial court did not address C.E.H.'s weight claim in its Rule 1925(a) opinion. Rather, C.E.H. first raises the claim in his appellate brief. Therefore, because the claim was not first presented in the trial court, we must deem it waved. ***In re J.B., supra***.

Order affirmed.

President Judge Gantman joins the Opinion.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2017