J-S74023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: E.C.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: E.C.B., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1603 EDA 2017 |

Appeal from the Order March 27, 2017
In the Court of Common Pleas of Monroe County Juvenile Division at
No(s):  CP-45-JV-0000214-2016

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 26, 2018**

E.C.B., a minor, appeals from a dispositional order, entered in the Court of Common Pleas of Monroe County, following his adjudication of delinquency for criminal mischief[1] and conspiracy to commit criminal mischief.[2]  After careful review, we affirm.

On September 2, 2016, a large group of juveniles violently assaulted the victim, T.G., while she was leaving a high school football game; E.C.B. was among the group of juvenile assailants.  T.G. attempted to flee the assailants in a motor vehicle, but E.C.B. blocked her route of escape.  T.G. observed as E.C.B., who was impeding her escape route, threw a rock at her front windshield, breaking it on impact.  The broken windshield and additional

_____

[1] 18 Pa.C.S.A. § 3304.

[2] 18 Pa.C.S.A. § 903.

damages the vehicle sustained from rocks thrown by E.C.B. and others caused approximately $1,000.00 in damage. T.G. eventually escaped and contacted Police Officer Emily Raymond of the Stroud Area Regional Police Department.

Officer Raymond observed T.G.'s injuries, received a description of the assailants from T.G., and then contacted the group of juvenile assailants. When Officer Raymond approached E.C.B., he admitted to throwing rocks at T.G.'s vehicle. E.C.B. further stated that he was not in imminent fear of T.G.'s vehicle hitting him, but rather, wanted to assist friends of his who were complicit in assaulting T.G. Video footage of the stadium parking lot corroborated T.G.'s testimony that assailants chased her vehicle as she attempted to leave the premises.

On March 27, 2017, Senior Judge Cheslock adjudicated E.C.B. delinquent on the aforementioned charges, and the case was transferred to the Court of Common Pleas of Lehigh County for disposition. On April 26, 2017, prior to a disposition being entered, E.C.B.'s counsel filed a notice of appeal from the adjudication of delinquency with the Juvenile Court Division of the Court of Common Pleas of Monroe County. On May 18, 2017, the Juvenile Court of the Court of Common Pleas of Lehigh County entered a disposition order.[3] On May 18, 2017, E.C.B. filed a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), in which he stated

---

[3] A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof. Pa.R.A.P. 905(a)(5).

- 2 -

as follows: "The [t]rial court erred by adjudicating [E.C.B.] delinquent, because the determination that [E.C.B.] was guilty of criminal conspiracy to commit criminal mischief and disorderly conduct was not based on **sufficient** evidence." 1925(b) Statement, 5/18/17 (emphasis added). The trial court has complied with Rule 1925(a). On appeal, E.C.B. raises the following issue: "Whether the trial court abused its discretion in finding that [E.C.B.] committed criminal conspiracy to commit criminal mischief and disorderly conduct where the finding was against the **weight** of the evidence." Brief of Appellant, at 4 (emphasis added).

Initially, we agree with the Commonwealth that E.C.B. has waived his sufficiency claim. **See** Brief of Appellee, at 7. E.C.B.'s Rule 1925(b) statement provides only a vague statement: "The [t]rial court erred by adjudicating [E.C.B.] delinquent, because the determination that [E.C.B.] was guilty of criminal conspiracy to commit criminal mischief and disorderly conduct was not based on sufficient evidence." 1925(b) Statement, 5/18/17. "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Id.** Here, as is evident, E.C.B. failed to specify which elements of each offense he was

challenging in his Rule 1925(b) statement. **See Garland**, **supra**. Therefore, E.C.B. has waived this issue on appeal.

Moreover, even if E.C.B. had preserved his sufficiency claim, he has abandoned it on appeal. Instead, E.C.B. briefs a weight claim that he did not preserve in a post-trial motion or raise in his Rule 1925(b) statement.[4] **See Commonwealth v. C.E.H.**, 167 A.3d 767, 772 (Pa. Super. 2017) (explaining challenges to weight of evidence are waived if not raised in post-sentence motion or by other appropriate manner before trial court). Accordingly, we are constrained to affirm.[5]

Order affirmed.

_____

[4] "Unlike Pa.R.Crim.P. 607, which requires a weight of evidence claim to be raised prior to sentencing or in a post-sentence motion, the Juvenile Rules of Court Procedure do not have any equivalent rule specifying how a juvenile adjudicated delinquent must present a weight of the evidence claim to preserve it for appellate review." **See C.E.H.**, 167 A.3d at 772. Our Supreme Court has held that a juvenile may adequately preserve his claim that his adjudication of delinquency was against the weight of the evidence by raising it in his Rule 1925(b) statement. **In re J.B.**, 106 A.3d 76, 95 (Pa. 2014). Here, however, E.C.B. has not raised a claim challenging the weight of the evidence either in a post sentence motion or in his Rule 1925(b) statement. Therefore, he has waived this issue. **C.E.H.**, **supra**.

[5] Even if E.C.B. had preserved his sufficiency and/or weight claim for appeal, both are meritless. E.C.B. admitted to striking T.G.'s vehicle with a rock and breaking her windshield. Further, E.C.B. acted in concert with several different persons who also assaulted T.G. and threw rocks at her vehicle. The trial court did not find E.C.B.'s self-defense testimony credible and determined that his actions were not justifiable. **See Commonwealth v. Hankerson**, 118 A.3d 415, 420 (credibility assessment is within exclusive purview of factfinder). Viewing all evidence in a light most favorable to the Commonwealth, we agree that there was sufficient evidence to find that E.C.B. committed all of the foregoing offenses. **In re K.J.V.**, 939 A.2d 426, 427-28 (Pa. Super. 2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/18