J-S08006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GASTON T. NEAL | : | |
| | : | |
| Appellant | : | No. 357 WDA 2017 |

Appeal from the Judgment of Sentence January 19, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014319-2015

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:            **FILED FEBRUARY 27, 2018**

Gaston T. Neal appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following his conviction of simple assault[1] and disorderly conduct.[2]  After our review, we affirm.

Neal went to the customer service desk of the Shadyside Giant Eagle Market to cash a check.  The customer service employee was unable to cash the check for Neal.  Neal spoke with Detective John Gilkey, who was working off-duty detail in the store at the time, and Detective Gilkey explained the store's policy to Neal.  Neal, however, returned to the customer service employee's desk and became disruptive.  The customer service employee called Detective Gilkey and asked him to remove Neal from the store.  As

_____

[1] 18 Pa.C.S. § 2701(a)(1).

[2] 18 Pa.C.S. § 5503(a)(2).

_____

\* Former Justice specially assigned to the Superior Court.

Detective Gilkey was escorting Neal out of the store, holding on to one of Neal's arms, Neal used his free arm to hit Detective Gilkey. After Neal broke free, he swung again at Detective Gilkey, who was able to avoid being hit.

Following a bench trial before the Honorable Donna Jo McDaniel, the court convicted Neal of simple assault and disorderly conduct, and sentenced him to a one-year term of probation. This appeal followed.

On appeal, Neal challenges the sufficiency of the evidence supporting his simple assault conviction.[3] He argues that there was no evidence that he had the intent to cause bodily injury to Detective Gilkey, and there was no evidence that Detective Gilkey suffered any bodily injury.

Our standard of review with regard to sufficiency claims is well settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

The Crimes Code defines simple assault as follows:

### § 2701. Simple assault

(a) Offense defined.--Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

---

[3] Neal raised a weight of the evidence claim in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He has abandoned that claim in his brief on appeal.

> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

18 Pa.C.S. §2701(a)(1).

> Furthermore, it is axiomatic that simple assault does not require a victim to suffer actual bodily injury. The attempt to inflict bodily injury may be sufficient. This intent may be inferred from the circumstances surrounding the incident if a specific intent to cause bodily injury may reasonably be inferred therefrom.

*Commonwealth v. Polston*, 616 A.2d 669, 679 (Pa. Super. 1992) (internal citations omitted). *See also In Interest of C.E.H.,* 167 A.3d 767 (Pa. Super. 2017).

Detective Gilkey testified that Neal hit him once and attempted to hit him a second time. Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we conclude the evidence was sufficient to enable the factfinder to find each element of the crime simple assault beyond a reasonable doubt. *See Commonwealth v. Lewis*, 911 A.2d 558 (Pa. Super. 2006).

Judge McDaniel's opinion properly disposes of Neal's sufficiency claim, and we rely on her opinion to affirm the judgment of sentence. The parties are directed to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/27/2018

Circulated 02/15/2018 03:56 PM

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.                                          CC: 201514319

GASTON NEAL,

Defendant

**OPINION**

Filed By:

Honorable Donna Jo McDaniel
Court of Common Pleas of Allegheny County
323 Courthouse
Pittsburgh, PA  15219

(412) 350-5434



# APPENDIX C

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

v.                                                    CC: 201514319

GASTON NEAL,

Defendant

## OPINION

The Defendant has appealed from the judgment of sentence entered on January 19, 2017. However, a review of the record reveals that the Defendant has failed to present any meritorious issues on appeal and, therefore, the judgment of sentence should be affirmed.

The Defendant was charged with Simple Assault[1] and Disorderly Conduct[2] in conjunction with an incident at the Shadyside Giant Eagle Market District. He appeared before this Court for a non-jury trial on January 19, 2017, and at its conclusion was adjudicated guilty of Simple Assault and not guilty of Disorderly Conduct. He was immediately sentenced to a term of probation of one (1) year. Timely Post-Sentence Motions were filed and were denied on January 31, 2017. This appeal followed.

On appeal, the Defendant challenges the weight and sufficiency of the evidence. His claims are addressed as follows:

---

[1] 18 Pa.C.S.A. §2701(a)(1)

[2] 18 Pa.C.S.A. §5503(a)(2)

1

*1.    Sufficiency of the Evidence*

Initially, the Defendant argues that the evidence was insufficient to support the conviction for Simple Assault. A careful review of the record reveals that this claim is meritless.

The evidence presented at trial established that in the early morning hours of November 12, 2015, the Defendant was attempting to cash a check at the customer service desk of the Shadyside Giant Eagle Market District. When the Karen Hilbert, the Giant Eagle employee, was unable to cash the check, the Defendant spoke to Detective John Gilkey, who was working a detail at the time. Detective Gilkey explained the store's check cashing policy and then left the area. Thereafter, Detective Gilkey was called back to the customer service area by Ms. Hilbert because the Defendant had become loud and disorderly and she asked that he be removed from the store. Detective Gilkey took the Defendant by the coat and escorted him toward the door. When they had reached the outer lobby door to the parking lot, the Defendant swung his free arm and hit Detective Gilkey. After breaking free, he swung at Detective Gilkey again, but the Detective was able to dodge the punch. The Defendant was eventually subdued and taken into custody. The incident was captured on surveillance video, which was viewed by this Court during the trial.

When reviewing a challenge to the sufficiency of the evidence, the court must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt...[An appellate court] may not weigh the evidence and substitute [its] judgment for the fact finder. In addition...the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding

2

appellant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances...Furthermore, the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." Commonwealth v. Lewis, 911 A.2d 558, 563 (Pa.Super. 2006).

Our Crimes Code defines Simple Assault as follows:

*§2701.  Simple assault*

(a)  *Offense defined. – Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:*

    (1)  *attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;*

18 Pa.C.S.A. §2701.

The evidence discussed above is clearly sufficient to support the conviction for Simple Assault.   Detective Gilkey testified that the Defendant hit him once and attempted to hit him a second time.  As noted above, the incident was captured on surveillance video.  The evidence presented at trial established all of the requisite elements of the crime of simple assault, and thus the evidence was sufficient to support the conviction.  This claim is meritless.

2.  *Weight of the Evidence*

Next, the Defendant argues that the verdict was against the weight of the evidence. Again, this claim is meritless.

It is well-established that the "scope of review for [a weight of the evidence] claim is very narrow.  The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and [the appellate court] will

3

not disturb that decision absent an abuse of discretion. Where issues of credibility and weight are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact-finder, whose findings will not be disturbed on appeal if they are supported by the record. A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice." Commonwealth v. Knox, 50 A.3d 732, 737-8 (Pa.Super. 2012).

Moreover, "when the challenge to the weight of the evidence is predicated on the credibility of trial testimony, [appellate] review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, those types of claims are not cognizable on appellate review." Commonwealth v. Bowen, 55 A.3d 1254, 1262 (Pa.Super. 2012).

"Where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." Commonwealth v. Shaffer, 40 A.3d 1250, 1253 (Pa.Super. 2012). "A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence." Commonwealth v. Moreno, 14 A.3d 133, 136 (Pa.Super. 2011).

4

At the conclusion of the evidence, this Court placed its findings on the record. It stated:

> THE COURT: Okay. Giving credibility to Officer Gilkey rather than to Mr. Neal whose testimony seemed to be weak and evasive I'm going to find the defendant guilty of simple assault. I feel that he did assault the officer. Whether or not the tazer was appropriately used is not in my purview to decide, and I will find the defendant not guilty of disorderly conduct.

(Trial Transcript, p. 22).

Because the Defendant properly raised his weight of the evidence claim on Post-Sentence Motions, the appellate court's review is only directed to this Court's discretion in denying the motion. See Shaffer, supra. After reviewing the record and the evidence discussed above, it cannot be said under any analysis that the testimony presented at trial was "so unreliable and/or contradictory as to make any verdict based thereon pure conjecture," see Bowen, *supra.* Detective Gilkey, whose testimony this Court found to be credible, testified that the Defendant struck him and attempted to hit him a second time. Given the evidence presented at trial and discussed above, there is no question that the verdict was appropriate and not "shocking" to the conscience. This claim must fail.

Accordingly, for the above reasons of fact and law, the judgment of sentence entered on January 19, 2017 must be affirmed.

BY THE COURT:

_____, J.

5