J-S30024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER AARON | : | |
| | : | |
| Appellant | : | No. 2424 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 27, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000433-2021


BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                 **FILED MARCH 24, 2023**

Christopher Aaron (Appellant) appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas after his non-jury convictions of simple assault, harassment, and disorderly conduct (engages in fighting).[1]  On appeal, he challenges the sufficiency of the evidence for each of his convictions.  We affirm.

On December 29, 2020, Appellant physically assaulted Shakeema Taylor (Victim), his then girlfriend, outside a train station in Delaware County,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(1), 2709(a)(1), 5503(a)(1).  Appellant's disorderly conduct conviction was graded as a third-degree misdemeanor under Subsection (b) of the statute.  **See** 18 Pa.C.S. § 5503(b) ("An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist.  Otherwise disorderly conduct is a summary offense.").

Pennsylvania. N.T., 10/27/21, at 7-9. Immediately following the incident, Appellant was arrested and charged with the above-mentioned crimes. *See id* at 11, 31.

The matter proceeded to a bench trial on October 27, 2021. The trial court summarized the testimony as follows:

> [Victim] testified that on December 29, 2020, she was in an ongoing relationship with . . . Appellant. On that evening, as [Victim] was about to exit the train in Crum Lynne, Delaware County, Appellant stepped on the train, snatched her cell phone from her, and pulled her off the train by her arm. As [Victim] was stepping off the train, a can was thrown in her face, making contact with and splashing her in the face.
>
> [Victim described Appellant as "harassing" her when she] tried to separate herself from [him] and [she] began walking towards the steps to exit the train platform. Appellant kept telling [Victim] to walk with him while he was going through her cell phone. As [Victim] and Appellant approached the steps, Appellant grabbed her by the hood of her coat and slammed the back of her head into a metal pole. She did not feel pain to her head right away, but explained she felt pain later. [Victim] made it to the bottom of the steps, ran across the street, and fell as Appellant was coming after her. [Victim noted that a bystander must have called the police because they "came right away[."] Victim [then] gave a statement [to police indicating that she] sustained some injuries including a cut on her knee, ripped jeans, knee pain, and pain to the back of her head.

Trial Ct. Op. 1/20/22, at 1-2 (record citations omitted & paragraph break added).

Ridley Park Police Corporal Detective John Morris also testified at the trial, stating he was responsible for Appellant's October 28, 2020, video arraignment and bail interview the morning after his arrest. N.T. at 31. Corporal Morris stated that during the video proceeding, Appellant had an

"outburst" and told the magistrate district judge that he "did not assault anybody, he just threw a Diet Coke at [Victim.]" *Id.* at 36. Appellant then stated that if he "assaulted [Victim], she would know it and . . . would have definite injuries." *Id.* Corporal Morris also recounted "[t]here was at least one call to 911" related to this incident. *Id.* at 33.

At the conclusion of trial, the trial court found Appellant guilty of simple assault, harassment, and disorderly conduct as a third-degree misdemeanor. Upon Appellant's request, the matter immediately proceeded to sentencing. N.T. at 51. The court sentenced Appellant to an aggregate term of four and one-half to 12 months' incarceration, followed by one year of probation.[2]

Appellant did not file a post-sentence motion but did file this timely appeal.[3]

Appellant raises the following claims:

1. Whether the evidence was insufficient as a matter of law to support the conviction for simple assault, 18 Pa.C.S. § 2701(a)(1), where the evidence at trial failed to establish that Appellant intentionally, knowingly, or recklessly caused bodily injury?

2. Whether the evidence was insufficient as a matter of law to support the conviction for harassment under 18 Pa.C.S. §

---

[2] The trial court sentenced Appellant to four and one-half years' incarceration for simple assault, followed by one year of probation for harassment, and one year of probation for disorderly conduct. The terms of probation were ordered to run concurrently.

[3] Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued its Pa.R.A.P. 1925(a) opinion on January 20, 2022.

2709(a)(1), where the evidence at trial failed to establish that Appellant, with the intent to harass, annoy or alarm another, struck, shoved, kicked, or otherwise subjected another person to physical contact?

3. Whether the evidence was insufficient as a matter of law to support the conviction for disorderly conduct — engage in fighting under 18 Pa.C.S. § 5503(a)(1), where the evidence at trial failed to establish that Appellant, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, engaged in fighting or threatening, or in violent or tumultuous behavior?

Appellant's Brief at 4 (some extra spacing omitted).

Each of Appellant's claims challenges the sufficiency of the evidence.

We note the relevant standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted).

In his first claim, Appellant argues there was insufficient evidence to sustain a conviction for simple assault because the Commonwealth did not prove that Appellant intended or attempted to cause bodily injury to Victim, nor did it show that she sustained bodily injury. **See** Appellant's Brief at 9. Specifically, he contends, "Even when viewed in the light most favorable to the Commonwealth, the evidence does not establish that [Appellant] acted with the requisite *mens rea*. [Victim] did not sustain any bodily injury and the evidence failed to show an attempt to cause bodily injury because his conduct was negligent at best, and without the use of any deadly weapon." **Id.** He also maintains that he "did not leave any marks" on Victim, and that she "did not need medical attention." **Id.** at 10. Appellant further insists that there was "no photographic evidence," no testimony from police, and no testimony from "any possible onlooker" to suggest Victim sustained any injuries. **Id.**

A person commits simple assault if they "attempt[ ] to cause or intentionally, knowingly or recklessly cause[ ] bodily injury to another[.]"[4] 18

---

[4] Intentionally, knowingly, and recklessly are defined as follows:

(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

*(Footnote Continued Next Page)*

Pa.C.S. § 2701(a)(1). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. A person attempts to commit a crime when they, "with the intent to commit a specific crime, [perform] any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a). We also note that "intent may be inferred from the circumstances surrounding the incident if a specific intent to cause bodily injury may reasonably be inferred therefrom." *In re C.E.H.*, 167 A.3d 767, 770 (Pa. Super. 2017) (concluding testimony from eyewitnesses provided circumstantial evidence of the defendant's intent to attempt to cause

---

> (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.
>
> (2) A person acts knowingly with respect to a material element of an offense when:
>
> > (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
> >
> > (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.
>
> (3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(1)-(3).

bodily harm), *citing* **Commonwealth v. Polston**, 616 A.2d 669, 679 (Pa. Super. 1992).

Here, the trial court determined there was sufficient evidence to support Appellant's conviction for simple assault, opining:

> [Victim] testified credibly that Appellant grabbed her arm and pulled her[ off the train before throwing] a soda can at [her], making contact with her face[.  Appellant] then proceeded to follow her and push her head into a metal pole.  [Victim] did not needlessly embellish her injuries, but instead explained to the court that her head did not hurt right away from the impact, but did so later on.

Trial Ct. Op. at 4.  We agree with the trial court's conclusion.

The Commonwealth presented evidence that Appellant: (1) pulled Victim off a train; (2) threw a can of soda at her face — which he admitted to doing during his arraignment; (3) slammed her head into a pole; and (4) caused her to experience pain because of those actions.  **See** N.T. at 8-11, 36.  Despite Appellant's claims that Victim did not sustain bodily injury because he "did not leave any marks[,]" and the Commonwealth did not present photos or third-party testimony about her injuries, Victim testified that she experienced pain as a result of Appellant's attack.  N.T. at 11, 23. The trial court, sitting as fact-finder, found her testimony credible.  **See** Trial Ct. Op. at 4.  One can reasonably infer that Appellant's actions demonstrated a specific intent to cause bodily injury to Victim.  **See In re C.E.H.**, 167 A.3d at 770.

Further, Appellant does not provide any authority to support his contention that the Commonwealth was required to show evidence other than

Victim's credible testimony. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, it was reasonable for the court, as factfinder, to infer from the attendant circumstances — throwing an object at Victim's face, then slamming her head into a pole — that Appellant either attempted or intended to cause her bodily harm. *See Antidormi*, 84 A.3d at 756; *see also In re C.E.H.*, 167 A.3d at 770. No relief is due.

In his second claim, Appellant argues there was insufficient evidence to support his harassment conviction. *See* Appellant's Brief at 11. He alleges he did not intend to harass, annoy, or alarm Victim. *Id.* He further contends Victim's own testimony "established[ ] she was not harassed by [Appellant.]" *Id.* at 12. He avers that, instead, he and Victim were a couple who "were walking together" while having a "heated discussion[.]" *Id.* Appellant concludes there was no evidence to support a finding that he had the requisite intent for this conviction. *Id.*

Keeping the sufficiency standard of review in mind, "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person[, in relevant part,] strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1). Thus, Section 2709(a)(1) contains two elements: (1) subjecting another person to physical contact; and (2) with the intent to harass, annoy, or alarm. Further, it is well established that "[a]n intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013).

Notably, Appellant only challenges the Commonwealth's evidence pertaining to the intent element. *See* Appellant's Brief at 12. The trial court rejected this contention, concluding it could reasonably infer Appellant's intent to harass Victim from his actions:

> Appellant grabbed [Victim's] arm; he pulled her off the train; threw a soda can at her face; and took her phone. [Appellant] then began going through [Victim's] phone while following her as she attempted to separate herself from him. This establishes that [Victim] was clearly annoyed or alarmed by Appellant's actions; the required *mens rea* for [h]arassment. It also establishes the second element of [h]arassment, subjecting another to physical contact. As such, the evidence was sufficient to support [his] conviction[.]

Trial Ct. Op. at 5.

We agree with the trial court's determination that Appellant's intent was reasonably inferred from the totality of the circumstances. Victim testified that she was attempting to get away from Appellant and he was following her. The trial court found her testimony credible, and inferred that Victim was "annoyed or alarmed" by his behavior, which it was permitted to do. *See* ***Cox***, 72 A.3d at 721; Trial Ct. Op. at 5. Moreover, other than a bald statement, Appellant does not elaborate how Victim's testimony "established" that he was not harassing her. *See* Appellant's Brief at 12. He merely states they were a couple who were having a "heated discussion." ***Id.*** A review of Victim's testimony contradicts Appellant's allegations. In fact, Victim explicitly described Appellant's conduct as "harassing" as she attempted to "separate" herself from him. N.T. at 10. Viewing the evidence in the light most favorable

- 9 -

to the verdict winner, it established that Appellant initiated physical contact with Victim for the purpose of annoying or alarming her. *See* 18 Pa.C.S. § 2709(a)(1); *see also Antidormi*, 84 A.3d at 756; *Cox*, 72 A.3d at 721. No relief is due.

In his final claim, Appellant argues his conviction for disorderly conduct was not supported by sufficient evidence. *See* Appellant's Brief at 13. He contends that the testimony "clearly demonstrated that he did not engage in fighting or tumultuous behavior[.]" *Id.* at 14. Instead, Appellant avers that while he and Victim were engaged in a "heated discussion" and he "put his hands on [Victim,]" he "never intended" to cause "any public disruption or annoyance" that would justify his misdemeanor conviction. *Id.* at 12, 14.

A person is guilty of disorderly conduct, in pertinent part, if "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S. § 5503(a)(1). Relevant to our analysis, "public" is defined in the statute as "affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included . . . transport facilities . . . or any premises which are open to the public." 18 Pa.C.S. § 5503(c). Disorderly conduct is graded as a third-degree misdemeanor when "the intent of the actor is to cause substantial harm or serious inconvenience[.]" 18 Pa.C.S. § 5503(b). The Pennsylvania Supreme Court has explained that the statute does not require that an offender's conduct

- 10 -

be directed at a certain number of persons that could qualify as "the public." Therefore, when an offender engages in fighting or threatening, or in violent or tumultuous behavior in a public arena, **even when that conduct is directed at only one other person**, the offender may be subject to conviction for disorderly conduct."

*Commonwealth v. Fedorek*, 946 A.2d 93, 100 (Pa. 2008) (citation omitted; emphasis added). When imposing this higher grading, we focus on

the offender's behavior, not directly upon the public impact of that behavior. Thus, when the Commonwealth proves that an offender intended to cause public inconvenience, annoyance or alarm, or recklessly created a risk thereof, by, for example, engaging in fighting or threatening, or in violent or tumultuous behavior, the next level of inquiry, under Section 5503(b), is the degree of the offender's behavior. If the offender acted with intent to cause substantial harm or serious inconvenience (and by so doing potentially increased the threat to the public peace and safety), the offense is graded as a third-degree misdemeanor.

*Id.* at 101. Further, we note that "intent is a subjective frame of mind, [and] can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Bullock*, 170 A.3d 1109, 1119 (Pa. Super. 2017) (citations & some quotation marks omitted).

Here, the trial court concluded that there was sufficient evidence to sustain Appellant's conviction. Specifically, it stated:

Appellant in the instant matter engaged in fighting with [Victim] in a public forum; in this instance, a train station during the evening commute. Appellant grabbed her, threw a can at her, and pushed her up against a pole, then continued to follow her. [Victim] did not call the police, but someone else did; a member of the public who witnessed the event a[nd] was inconvenienced or alarmed enough to have called 911. This establishes that

- 11 -

> Appellant's actions in fighting with [Victim] caused a public inconvenience.

Trial Ct. Op. at 6. We agree.

The record supports the trial court's inferences pertaining to Appellant's intent. It is beyond reason for Appellant to contend that attacking Victim on a public train platform, throwing a can at her face, and slamming her head into a pole is not "violent or tumultuous behavior[.]" *See* 18 Pa.C.S. 5503(a)(1). Further, Appellant initiated this attack while others were present, which reasonably would "cause public inconvenience, annoyance or alarm, or recklessly create[e] a risk thereof[.]" *See id.* As pointed out by the trial court, his actions were alarming enough that a third party sought police intervention. Corporal Morris confirmed there was "at least" one phone call reporting the incident and it was not Victim. *See* N.T. at 11, 33.

Lastly, the trial court did not err in grading the offense as a third-degree misdemeanor where the totality of the circumstances of the attack permit a reasonable inference that Appellant intended to cause substantial harm or serious inconvenience. *See* 18 Pa.C.S. 5503(b); *Fedorek*, 946 A.2d at 101; *Bullock*, 170 A.3d at 1119. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, there was sufficient evidence that Appellant engaged in disorderly conduct as defined by the statute and did so with the requisite intent. *See* 18 Pa.C.S. §§ 5503(a)(1), (b); *see also Antidormi*, 84 A.3d at 756. No relief is due.

Because Appellant failed to demonstrate any error on the part of the trial court, we do not disturb the court's findings on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2023