J-A18024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER RUEDAS | : | |
| | : | |
| Appellant | : | No. 1010 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 3, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002544-2022

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: November 17, 2023**

Christopher Ruedas appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, after he was convicted, following a non-jury trial[1] of simple assault,[2] disorderly conduct,[3] and defiant trespass.[4] After our review, we reverse the conviction for simple assault and vacate, in part, the judgment of sentence.

The trial court set forth the facts as follows:

_____

[1] During the waiver colloquy, counsel for Ruedas stated for the record that Ruedas "does have a mental health diagnosis, a schizophrenia diagnosis, but [Ruedas stated that it] doesn't impair his ability to understand [] the waiver." N.T. Non-Jury Trial, 8/3/22, at 8.

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] *Id.* at § 5503(a)(1).

[4] *Id.* at § 3503(b)(1)(i).

[O]n February 7, 2022, Officer Brian Wilkesmore, of the Allegheny county Police Department, was working at the severe weather shelter located at 620 Smithfield Street in Pittsburgh, Pennsylvania, when he encountered [Ruedas], with whom he was previously familiar.[5]  Officer Wilkesmore stated that there was mandatory COVID-19 testing being performed at the shelter that day but that [Ruedas] was causing a disturbance. Officer Wilkesmore described [Ruedas'] behavior as "very erratic, temperamental, [and] aggressive."  Officer Wilkesmore stated that [Ruedas] was fake coughing within five feet of staff members, refusing to properly wear his surgical mask, which [was] a stipulation to gain entry to the shelter, and approaching staff members aggressively and then running away.  [The fourth time Ruedas ran] towards staff, Officer Wilkesmore put his arm out to re-direct [Ruedas] towards the door, at which point [Ruedas] struck [Officer Wilkesmore] with a closed fist on his [right] ear. [Officer Wilkesmore then took [Ruedas] to the ground and arrested him, after a brief struggle on the part of [Ruedas].  The encounter was captured on Officer Wilkesmore's body-worn camera, which this [c]ourt viewed in its entirety.

Trial Court Opinion, 11/2/22, at 3-4.

Following conviction, the court sentenced Ruedas to an aggregate term of one year of probation.[6]  Ruedas filed a timely notice of appeal.  He raises one issue for our review:

Whether the evidence was insufficient to convict Ruedas of simple assault because, although he made physical contact with Officer Wilkesmore, the Commonwealth failed to prove, beyond a reasonable doubt, that he had the specific intent to cause bodily injury to the officer?

_____

[5] Officer Wilkesmore testified that he has known Ruedas since the shelter opened in 2021, and that in his previous interactions with Ruedas, he was "easily calmed down and deescalated."  N.T. Non-Jury Trial, 8/3/22, at 12.

[6] The court sentenced Ruedas to one-year probation for simple assault, 90 days' probation for disorderly conduct, and 90 days' probation for defiant trespass.  Order, 8/3/22.

Appellant's Brief, at 5.

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted).

Ruedas argues that where, as here, the victim did not sustain bodily injury, the Commonwealth must establish that a defendant acted with the specific intent to cause injury to prove simple assault. ***See*** Appellant's Brief, at 12. Ruedas contends the evidence failed to prove, beyond a reasonable doubt, that he intended to cause bodily injury to Officer Wilkesmore. ***Id.*** In particular, he argues that the trial court's finding, that Ruedas struck Officer Wilkesmore with a closed fist on his right ear, is *not* substantiated by body camera video, ***id.*** at 21, and that "[t]his is one of those rare cases where a [police officer's] video, which was made a part of the certified record, can

contradict a trial court's factual finding often based on its credibility determinations." *Id.* at 21, quoting *Commonwealth v. Griffin*, 116 A.3d 1139, 1143 (Pa. Super. 2015).

A person commits simple assault if they "attempt[] to cause or intentionally, knowingly[,] or recklessly cause[] bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. A person attempts to commit a crime when they, "with the intent to commit a specific crime, [perform] any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). "[I]ntent may be inferred from the circumstances surrounding the incident if a specific intent to cause bodily injury may reasonably be inferred therefrom." *In re C.E.H.*, 167 A.3d 767, 770 (Pa. Super. 2017) (concluding testimony from eyewitnesses provided circumstantial evidence of defendant's intent to attempt to cause bodily harm), *citing* *Commonwealth v. Polston*, 616 A.2d 669, 679 (Pa. Super. 1992).

> Furthermore, it is axiomatic that simple assault does not require a victim to suffer actual bodily injury. The attempt to inflict bodily injury may be sufficient. This intent may be inferred from the circumstances surrounding the incident if a specific intent to cause bodily injury may reasonably be inferred therefrom.

*Id.* (internal citations omitted).

Here, the trial court determined there was sufficient evidence to support Ruedas' conviction for simple assault, reasoning as follows:

- 4 -

> The evidence presented at trial was that [Ruedas] was causing a disturbance at the shelter by refusing to be tested for COVID-19, by refusing to wear his surgical mask properly, and by aggressively running towards staff before retreating. On [Ruedas'] fourth approach towards staff, Officer Wilkesmore attempt to redirect [him], at which point [Ruedas] struck him in the right ear with a closed fist. **Not only did this [c]ourt find Officer Wilkesmore's testimony to be credible, but his body-worn camera footage provided an objective corroboration of his version of events. Quite simply, there is no other way to view [Ruedas'] conduct towards Officer Wilkesmore than an intentional, knowing, or reckless action to cause bodily injury toward him**.

Trial Court Opinion, 4/2/22, at 5-6 (emphasis added).

At trial, Officer Wilkesmore admitted that, in trying to stop Ruedas from running around, he physically grabbed Ruedas *before* Ruedas ever struck at him. *See* N.T. Non-Jury Trial, *supra* at 22-23. Further, Officer Wilkesmore testified that he was not hurt. *Id.* at 26-27. Although the Commonwealth need not establish that the victim actually suffered bodily injury, the Commonwealth must establish an attempt to inflict bodily injury. *Polston*, *supra* at 679. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. *Id.*

This Court has reviewed the body camera video, and we conclude the trial court's finding is not supported by an objective viewing of that footage. We agree with Ruedas' argument that the specific intent to harm Officer Wilkesmore is not substantiated by an objective view of the footage. Consistent with Officer Wilkesmore's testimony, the body cam video shows that Ruedas was clearly acting erratically, and that Officer Wilkesmore physically grabbed Ruedas before Ruedas hit the officer's ear. Body Cam

Video, 2/7/22, at 0:20-24. Additionally, Officer Wilkesmore is heard stating on the video during his call to his supervisor that he "grabbed [Ruedas]" before Ruedas struck him. *Id.* at 10:08. *See also* N.T. Non-Jury Trial, *supra* at 21-22.

Ruedas' behavior was clearly inappropriate and reactive; it is clear that he did not want to be touched. It is not at all obvious from the testimony and the video footage that Ruedas intended to cause Officer Wilkesmore bodily injury or that such intent can reasonably be inferred from the circumstances surrounding the incident. *Polston*, *supra*. Accordingly, we are constrained to conclude that the trial court's determination is not supported by the body cam video and that the Commonwealth presented insufficient evidence to sustain Ruedas' conviction of simple assault. We, therefore, vacate the judgment of sentence, in part,[7] and remand in accordance with this decision.

Simple assault conviction reversed and judgment of sentence vacated, in part. Case remanded. Jurisdiction relinquished.

---

[7] Ruedas has not challenged his convictions for disorderly conduct and defiant trespass.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/17/2023</u>